JAMES L. STRICKLAND ET AL. *v.*
ANNIE M. VESCOVI ET AL.
(2427)

DUPONT, C.P.J., SPALLONE and DALY, Js.

Argued October 10—decision released December 4, 1984

*Joseph E. Moukawsher,* with whom, on the brief, was *Elissa T. Wright,* for the appellants (plaintiffs).

*Gregory A. Benoit,* for the appellee (named defendant).

*Albert E. Goring, Jr.,* for the appellee (defendant Michael Stern).

SPALLONE, J. This is an appeal[1] by the plaintiffs from the judgment of the trial court granting the defendants' motions for judgment of dismissal for failure of the plaintiffs to make out a prima facie case.

The trial court could reasonably have found the following facts based upon the evidence presented by the plaintiffs. In 1978, the plaintiffs, James and Dolores Strickland, desired to purchase a two-family house which they could use as an owner-occupied rental unit upon their retirement. Mr. Strickland contacted Stern Realty, a real estate agency owned by the defendant

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

Michael Stern, where Lillian Fedus,[2] a real estate agent employed by that agency, told him about a house in New London which she described as a two-family residence. This information had been supplied to Stern Realty by the owner of the property, the defendant Annie Vescovi. Both the listing agreement and the multiple listing service book characterized the property as a "Type: 2-family."

The structure appeared from the exterior to be a single unit dwelling. The interior layout, however, was that of a two-family house, with a separate unit on each of the structure's two floors. There was a single common entrance at the front of the house and no separate exterior entrance leading to the second floor. When Fedus first showed the property to Mr. Strickland, Vescovi and the tenants who occupied the building's two units were present. At that time, Vescovi and Fedus described the house as a two-family dwelling. At a later showing with Mrs. Strickland present, the plaintiffs discussed with Vescovi and Fedus their specific desire to purchase a two-family home.

Prior to signing the contract of sale, the plaintiffs were careful to apprise the defendants that, in order to finance the purchase, the rental unit would need to generate a certain minimal income. In agreeing to purchase the property for $65,000 with Vescovi taking back a first mortgage at 8¼ percent, the plaintiffs anticipated that the income from the rental unit would cover the resulting monthly mortgage payments of $300. The plaintiffs' understanding that the house could be used as a two-family dwelling was reinforced by Fedus' statement at the closing that she might be able to refer some prospective tenants to the plaintiffs.

[2] Lillian Fedus, Margaret Holt (another real estate agent employed by Stern Realty) and the city of New London were also named as defendants. The case was withdrawn as to all three in the trial court.

Soon after the closing, the plaintiffs rented both units of the dwelling. Approximately two months later, a cease and desist order from the city of New London, addressed to Vescovi, was forwarded to them. The order stated that the use of the house as a two-family dwelling was in violation of the city's housing code. Upon receipt of the document, the plaintiffs stopped using the property as a two-family residence and successfully appealed to the New London tax review board to have the assessment on the dwelling, which had been based on a two-family use, reduced. Subsequently, upon the advice of their attorney, they resumed a two-family use of the property and brought the present action to recover damages for alleged misrepresentation in the sale of the realty.[3]

After the plaintiffs rested their case at trial, the defendants moved for a judgment of dismissal pursuant to Practice Book § 302.[4] The trial court granted the motions, and the plaintiffs now appeal. On appeal, the plaintiffs claim that the trial court erred (1) in granting the defendants' motions for judgment of dismissal when the evidence presented was sufficient to support an inference that the defendants represented to them that the two-family use of the residence was legal, and

---

[3] After this action was instituted, the plaintiffs appealed the cease and desist order to the zoning board of appeals. The appeal was denied. After receiving a second cease and desist order, the plaintiffs changed the dwelling back to a one-family house.

[4] Practice Book § 302 provides:

"If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."

The motion to dismiss for failure to establish a prima facie case under Practice Book § 302 has taken the place of the former motion for nonsuit. *Logan* v. *O'Neill*, 187 Conn. 721, 728, 448 A.2d 1306 (1982).

(2) in its application of the test for determining a motion for judgment of dismissal for failure to make out a prima facie case.

We concur with the trial court's reasoning that any alleged misrepresentations by the defendants could not be as a result of negligence, fraud or other manner of wilful tort, but if any misrepresentations occurred, they were actionable on the basis of "legal fraud." Under this theory, an innocent or mistaken representation would allow the plaintiffs to recover. *Johnson* v. *Healy,* 176 Conn. 97, 101–102, 405 A.2d 54 (1978).

We disagree, however, with the trial court's conclusion that the plaintiffs failed to establish a prima facie case and with its consequent granting of the defendants' motions for judgment of dismissal. " 'When such a motion has been granted, the question is whether sufficient facts were proved to make out a prima facie case. *Pignatario* v. *Meyers,* 100 Conn. 234, 239–40, 123 A. 263 (1924). To state it another way, a judgment of dismissal is only proper "when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff." *Minicozzi* v. *Atlantic Refining Co.,* 143 Conn. 226, 230, 120 A.2d 924 (1956). The evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to him, and every reasonable inference is to be drawn in his favor. *Ace-High Dresses, Inc.* v. *J.C. Trucking Co.,* 122 Conn. 578, 579, 191 A. 536 (1937).' " (Citations omitted.) *Falker* v. *Samperi,* 190 Conn. 412, 418–19, 461 A.2d 681 (1983), quoting *Angelo Tomasso, Inc.* v. *Armor Construction & Paving, Inc.,* 187 Conn. 544, 547–48, 447 A.2d 406 (1982).

In considering a motion for judgment of dismissal under Practice Book § 302, a trial court is mandated to consider as true the evidence offered by the plain-

tiff and to draw all favorable and reasonable inferences from such evidence. When ruling on such a motion, the trier's discretion is limited and the parameters within which it may act are narrowed to the extent that it must consider the plaintiff's evidence as true and draw all reasonable inferences in the plaintiff's favor. These constraints are removed, of course, when the trial court is passing upon the merits of a case. "Once a case is ultimately presented to the factfinder for final decision, an entirely different analysis is applied. Rather than being required to take as true the evidence offered by the plaintiff, the trier of fact can disbelieve any evidence, even if uncontradicted." (Citations omitted.) *Berchtold* v. *Maggi,* 191 Conn. 266, 272, 464 A.2d 1 (1983).

The central question in this case is aptly stated in the plaintiffs' brief as follows: "What would be the logical inference that an ordinary person buying real property and looking for a two-family residence would draw when told by the seller and real estate agents that a house was a two-family dwelling." They submit that such a buyer would reasonably infer that the two-family use is a permitted or legal use. We agree. The logic toward such an inference is compelling and to infer otherwise would be unreasonable. Taking the plaintiffs' evidence as true and viewing in their favor all reasonable inferences that can be drawn from that evidence, we hold that the "relatively low standard"; *Hinchcliffe* v. *American Motors Corporation,* 184 Conn. 607, 620, 440 A.2d 810 (1981); necessary to withstand the defendants' § 302 motion was met.

As to the plaintiffs' second claim on appeal, we agree that the trial court erred in stating that, in ruling on a § 302 motion, it was required to draw a conclusion that a misrepresentation was made. The test was not whether the plaintiffs' evidence would support a "conclusion" that a misrepresentation occurred. Rather, it

was whether their evidence, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in their favor. *Minicozzi* v. *Atlantic Refining Co.*, supra. A party has the same right to submit a weak case as he has to submit a strong one; *Angelo Tomasso, Inc.* v. *Armor Construction & Paving, Inc.*, supra, 548; and the plaintiffs in this appeal were entitled to have the factfinder pass upon the merits of their case. *Berchtold* v. *Maggi*, supra, 271.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.