JAMES R. STABENAU ET AL. *v.* DAVID CAIRELLI ET AL.
(8363)

SPALLONE, DALY and NORCOTT, Js.

Argued May 3—decision released August 14, 1990

*John R. Caruso,* for the appellants (defendants).
*Mark E. Lowell,* for the appellees (plaintiffs).

SPALLONE, J. The defendants appeal from the judgment of the trial court ordering them to return the plaintiffs' deposit advanced toward the purchase of the defendants' house. The defendants claim that the trial court improperly refused to enforce the liquidated damages clause in the contract of sale and improperly applied the doctrine of unjust enrichment. We affirm the judgment of the trial court.

The following facts are undisputed. By a written contract, the plaintiffs agreed to purchase the defendants' house for $96,000.[1] The contract provided for a $6000 deposit that, in the event of a breach by the buyer, was to be retained by the seller as liquidated damages. The deposit was returnable if the plaintiffs failed to obtain a mortgage commitment on or before April 1, 1983.

Prior to April 1, 1983, and before receiving a mortgage commitment, the plaintiff James R. Stabenau was informed by his employer that he might be fired for violations of the conditions of his employment. Stabenau promptly informed his mortgage company and the real estate broker of his potential loss of employment, and, on March 28, 1983, provided written notice to the broker that he could not proceed with

---

[1] The plaintiffs in the action that is the subject of this appeal are James R. and Barbara L. Stabenau. The defendants are David and Carmen Cairelli.

the purchase. The broker immediately placed the property back on the market. The house sold within one month of the parties' original closing date, at a price of $98,500, $2500 more than the original contract price.

The plaintiffs demanded the return of their $6000 deposit. The defendants refused, claiming that under the contract they were entitled to keep the deposit as liquidated damages. The plaintiffs brought suit for the return of their deposit on two counts, claiming return of the deposit pursuant to the contract and on the theory of unjust enrichment. The trial court found for the defendants on the first count, concluding that the plaintiffs themselves breached the contract and were not entitled to recover under its provisions for return of their deposit. The court found, however, that the plaintiffs' breach was not willful and that the defendants had suffered no loss. The trial court therefore concluded that the retention of the deposit by the defendants would constitute unjust enrichment, and ordered the return of the deposit.

The defendants first claim that the trial court, having found the plaintiffs in breach of contract, should have enforced the liquidated damages provision. We disagree.

Otherwise valid liquidated damages clauses may not be enforced when the nonbreaching party suffers no damages. "[I]f the damage envisioned by the parties never occurs, the whole premise for their agreed estimate vanishes, and . . . neither justice nor the intent of the parties is served by enforcement." *Norwalk Door Closer Co.* v. *Eagle Lock & Screw Co.*, 153 Conn. 681, 689, 220 A.2d 263 (1966). A purchaser of real property "does not, despite his knowing default, forfeit the right to seek restitution of sums of money earlier paid under the contract of sale, even when such payments are therein characterized as liquidated damages. *Vines* v.

*Orchard Hills, Inc.*, 181 Conn. 501, 509, 435 A.2d 1022 (1980); *Pierce* v. *Staub,* 78 Conn. 459, 466, 62 A. 760 (1906)." *Aetna Casualty & Surety Co.* v. *Murphy,* 206 Conn. 409, 414, 538 A.2d 219 (1988). Despite the contract provisions, the defendants were not automatically entitled to keep the plaintiffs' deposit and the court properly could consider the question of restitution.

The defendants next claim that the court incorrectly found that the plaintiffs proved the elements of their unjust enrichment claim. A buyer in nonwillful default can recover monies paid upon the contract and retained by the seller, despite an otherwise valid liquidated damages clause, where the seller has sustained no damages. *Vines* v. *Orchard Hills, Inc.,* supra, 511.

A conclusion of unjust enrichment required the court to find that the plaintiffs' breach was not willful and that the defendants sustained no damage or damage substantially less than the amount stipulated in the liquidated damages clause. Id., 513. These conclusions are factual findings that we will not retry on appeal. *Morganti, Inc.* v. *Boehringer Ingelheim Pharmaceuticals, Inc.,* 20 Conn. App. 67, 74, 563 A.2d 1055 (1989); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222, 435 A.2d 24 (1980). Our review is limited solely to the determination of whether, on the record, the court's determinations are clearly erroneous. Practice Book § 4061; *Cookson* v. *Cookson,* 201 Conn. 229, 242–43, 514 A.2d 323 (1986).

The defendants argue that the plaintiffs' breach was willful in that they intentionally and voluntarily terminated the contract because of insecurities about future employment. "Willful" as a term of art requires more than a finding of deliberate action. The contemporary view is that the court must consider not only the deliberateness of the breach, but also other factors in determining whether to apply the court's equitable juris-

diction. See *Vincenzi* v. *Cerro,* 186 Conn. 612, 616, 442 A.2d 1352 (1982). These factors include, among others, the degree of innocence of the breach, the amount of the detriment to the breaching party and the amount of the benefit conferred upon the nonbreaching party. 5A A. Corbin, Contracts § 1123.

Our review of the record indicates ample support for the trial court's factual finding that the plaintiffs' breach was not willful. The plaintiffs' breach was prompted by a fear that the named plaintiff would lose his job and would, therefore, be unable to make payments required for the purchase of the property. The named plaintiff did not deliberately place his job in jeopardy for the purpose of avoiding this contract, and there was no evidence indicating any relationship between the named plaintiff's alleged employment contract violations years earlier and his breach of this contract. Accordingly, we find that the trial court's conclusion that the plaintiffs' breach was not willful is not clearly erroneous.

The defendants next claim that the plaintiffs failed to carry their burden of proving that the defendants did not sustain actual damages as a result of the plaintiffs' breach, and that the trial court, therefore, should have granted the defendants' motion to dismiss after the plaintiffs rested their case.

The standard necessary to withstand a motion to dismiss is relatively low. "In considering a motion for judgment of dismissal under Practice Book § 302, a trial court is mandated to consider as true the evidence offered by the plaintiff and to draw all favorable and reasonable inferences from such evidence." *Strickland* v. *Vescovi,* 3 Conn. App. 10, 14–15, 484 A.2d 460 (1984). In applying this standard, the trial court must bear in mind that it is the plaintiffs' burden to establish that the defendants have been unjustly enriched. *Vines* v.

*Orchard Hills, Inc.,* supra, 510. The plaintiffs must, therefore, demonstrate that the property "could, at the time of their breach, have been resold at a price sufficiently higher than their contract price to obviate any loss of profits and to compensate the seller for any incidental and consequential damages." Id., 514.

After drawing all favorable and reasonable inferences, the trial court reasonably concluded that the defendants had suffered no damages. The plaintiffs introduced evidence showing that the defendants' property was to be sold to the plaintiffs for $96,000, that the property was conveyed one month after the plaintiffs' contract closing date for $2500 more than the contract price, and that the plaintiffs had paid and the defendants had received a downpayment of $6000. The trial court found the market value of the house at the time of the breach to be $98,500. This evidence is sufficient to withstand a motion to dismiss on the basis of plaintiffs' failure to introduce evidence of the defendants' damages or lack thereof.

We find, therefore, that the trial court's findings are supported by the evidence and the conclusions drawn therefrom fully comport with applicable law.

The judgment is affirmed.

In this opinion the other judges concurred.