[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Waste Management of Connecticut, Inc. and the defendant Philip DiBartolomeo, d/b/a C-Town Stores entered into two contracts for rubbish and trash removal on January 19, 1990. One contract called for a $300.00 charge "per haul" and a rental charge of $150.00 with no period of payment specified. The second contract called or a monthly charge of $250.00 per month. The term of each contract was from April 1, 1990 to April 1, 1995, a period of five years.
On or about December 1, 1990, the defendant terminated each contract which states in part:
 . . . In the event customer terminates this Agreement. or Contractor terminates this Agreement for Customer's non-payment, Customer shall pay to Contractor as liquidated damages a sum calculated as follows: (1) if the remaining term under this Agreement is six or more months, Customer shall pay its most recent monthly charge multiplied by six; or (2) if the remaining term under this Agreement is less than six months, Customer shall pay the most recent monthly charge multiplied by the number of months remaining in the term. . .
While conceding that the contract was terminated, the CT Page 9984 defendant contests the liquidated damage clause on the grounds that it is "unreasonable in light of the fact that the plaintiff suffered no damage and therefore the liquidated damages clause is void as constituting a penalty." At trial the plaintiff offered no evidence of any specific monetary loss but rather relies on the clause in the contract.
The first contract based upon a per haul payment of $300.00 on a per call schedule is clearly not a liquidated amount since the number of collections may not be ascertained from the contract. Therefore, the court need not determine whether the contract provision calls for a penalty. As far as the second contract is concerned, it matters not whether the provision is a penalty or not since there are no ascertainable damages suffered by the plaintiff. As stated in Norwalk Door Closer Co. v. Eagle Lock Screw Co., 153 Conn. 681, at 689.
 . . . In the ordinary contract action the court determines the just damages from evidence offered. In a valid contract for liquidated damages, the parties are permitted, in order to avoid the uncertainties and time consuming effort involved, to estimate in advance the reasonably probable foreseeable damages which would arise in the event of a default. Implicit in the transaction is the premise that the sum agreed upon will be within the fail range of those just damages which would be called for and provable had the parties resorted to proof. Consequently, if the damage envisioned by the parties never occurs, the whole premise for their agreed estimate vanishes, and, even if the contract was to be construed as one for liquidated damages rather than one for a penalty, neither justice nor the intent of the parties is served by enforcement. To enforce it could amount in reality to the infliction of a penalty. . . .
See also, Fussenich v. DiNavdo, 195 Conn. 144, 153; Aetna Casualty Surety Co. v. Murphy, 206 Conn. 409, 414; Stabenau v. Cairelli, 22 Conn. App. 578, 580.
For the reasons stated, judgment may enter for the defendant with costs.
PICKETT, J.