[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs' complaint alleges in count one that the defendant, Candace Ganley, a real estate agent whose firm, Fingelly Real Estate Agency, held a listing on property located at 30 Long Meadow Road, Fairfield, Connecticut, promised the plaintiffs, as an inducement to purchase said property, that she would obtain for them a "right of first refusal" to purchase property adjoining the Long Meadow Road parcel. The adjoining property at the time, was owned by the defendant's mother, and will be referred in this case as the "Meadow" property. CT Page 6147
The plaintiffs' complaint further alleges that they purchased the Long Meadow property in reliance on the defendant's offer of a "right of first refusal" and would not have purchased their home without defendant's promise that they would be able to purchase the lot next door if it ever came up for sale.
The purchase of the property on Long Meadow Road was closed on November 5, 1992 for the purchase price of $480,000.
In June 1995, the plaintiffs became aware of activity on the adjoining lot, and upon investigation discovered that the lot had been sold in January 1995.
The second count alleges that the defendant's actions constituted a violation of the Connecticut Unfair Trade Practices Act (CUTPA), C.G.S. § 42-110a.
The defendant's answer includes a denial that the plaintiffs purchased the property in reliance of defendants offer of a "right of first refusal" and six special defenses. Based on the view this court takes, only the first special defense, that the plaintiffs' claims are barred by the Statute of Frauds will be discussed.
The Statute of Frauds, C.G.S. § 52-550 (a)(4) provides that no civil action may be maintained — unless — a memorandum of the agreement is made in writing and signed by the party — to be charged — upon any agreement for the sale of real property or any interest in or concerning real property.
In this case, the plaintiffs' claims are based on an alleged naked oral promise of the defendant that she would obtain for them a "right of first refusal" to purchase the property adjoining the Long Meadow Road property purchased by the plaintiffs on November 5, 1992. At the time, the adjoining lot was owned by the defendant's mother one Mrs. Lee J. Smith, and it is undisputed that on November 5, 1992, it was not for sale. Testimony by the defendant, Candace Ganley, asserted that at the closing on November 5, 1992, there was no discussion of a "right of first refusal," only that if the adjoining property was ever offered for sale, notice would be given. At such closing, the parties were represented by counsel; there was no evidence that the plaintiffs discussed this "vital" issue with their counsel; the contract of sale, defendant's exhibit 4, makes no mention of CT Page 6148 it; and, said contract provided, paragraph 14, "the delivery and acceptance of the deed herein shall be deemed to constitute full compliance with all the terms, conditions, covenants and representations herein, or connected with this transaction,
except as may expressly survive closing of title." (Emphasis supplied).
It would serve no useful purpose to recount in detail the plaintiffs' claims of a number of conversations with the defendant restating the defendants promise that she would guarantee the plaintiff a right of first refusal and that the plaintiffs would be given notice of any proposed sale of her mother's property.
Suffice it to say, that in June 1993 the defendant's mother died, that in November 1994, her executor listed the "Meadow" property for sale on multiple listing service and a "For Sale" sign was placed on the property. The plaintiffs claimed that they were unaware of such notices and only became aware of a possible sale when the saw building activity on the "meadow"lot. This action followed.
The court must find that the Statute of Frauds applies to this case. Indeed, Counsel for the plaintiffs in his post-trial brief concedes that a right of first refusal respecting real property comes within the statute. The court has a little difficulty with the assertion of plaintiff's counsel equating the legal significance of the term notice "with that of a right of first refusal". A right to notice does not convey the same legal potential as does a right of first refusal.
The court simply mentions this in passing. Its decision will not be based on whether a right of first refusal was promised by the defendant or whether she simply agreed to give notice of any impending sale.
Although conceding the applicability of the Statute of Frauds in a case involving the right of first refusal, plaintiffs' counsel argues against its application in this case. His first argument raises the issue that the defendant was guilty of misrepresentation in promising that the plaintiffs would have first chance at purchasing the "Meadow" lot, and cites the cases of Strickland v. Vescovi, 3 Conn. App. 10 and Johnson v. Healy,176 Conn. 97 in support for his contention. CT Page 6149
In the first place, as is pointed out by defendant's counsel, this case is not a case of misrepresentation as were theStrickland and Johnson, supra. In those cases the plaintiffs relied on statements made by the defendants concerning conditions which existed when the statements were made.
Nor was the Statute of Frauds an issue in those cases. Our case involves an alleged promise by the defendant to afford a right of first refusal sometime in the future if the "Meadow" property, which was not even owned by the defendant, were ever offered for sale. In order to prove misrepresentation on a promise to bring about some future occurrence, proof must be offered that the promisor had no intention of keeping it when made. There is no semblance of proof to that effect. Sallies v.Johnson, 85 Conn. 77.
Secondly, the plaintiffs attempt to avoid the application of the Statute of Frauds by arguing part performance.
Interestingly, both parties cite the case of Dunham v.Dunham, 204 Conn. 303, with respect to this issue. The court can not agree that the Dunham case affords much comfort to the plaintiffs. in the Dunham case our Supreme Court upheld a directed verdict against a plaintiff who was making a claim of part performance to avoid the Statute of Frauds, on the grounds that acts undertaken by the plaintiff were not sufficiently substantial to satisfy the part performance exception to the Statute of Frauds. The Dunham case also stands for the doctrine that to satisfy the Statute of Frauds, agreements relating to real estate must specifically describe the property.
Not only must such agreements specifically describe the property; "such contracts [options] for the sale of real estate must contain with certainty, without recourse to oral proof, at least the essentials which describe the subject of the sale, it terms and the parties to the contract, thereby furnishing evidence of a complete agreement. Robert Lawrence Associates,Inc. v. Del Vecchio, 178 Conn. 1, 11.
Neither the contract of sale, defendant's Exhibit 1, nor the deed of conveyance, defendant's Exhibit 2, makes mention of these requirements as relates to the alleged right of first refusal.
One further matter should be noted although it was not treated in the plaintiff's brief and should be considered CT Page 6150 abandoned.
The second count of the complaint alleges violations of CUTPA.
This court feels compelled to observe to that litigations are unreasonably resorting to allegations of CUTPA violations in order to provide additional clout to their complaints where such is not warranted.
"The special relief afforded by CUTPA requires, in a private dispute, the assertion of a public interest that is `specific and substantial'" (Citations omitted.) "Under guiding federal law, allegedly deceptive acts or practices which arise out of a private controversy are actionable only if the acts or practices have a potential effect on the general consuming public" (Citations omitted). "The private action authorized by CUTPA, General Statutes, § 42-110g; is intended to provide additional sanctions to deter unfair trade practices that injure the general consuming public rather than to provide additional remedies for the redress of entirely private wrongs." Ivey,Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528,540. The court can find no such specific or substantial public interest violated by the defendant's conduct or that such conduct had a potential effect on the general consuming public.
The issues are found in favor of the defendant and judgment may enter accordingly.
BY THE COURT,
BELINKIE, JUDGE JUDGE TRIAL REFEREE