LYDIA MCNEIL ET AL. *v.* EVELYN RICCIO ET AL.
(AC 15310)

Dupont, C. J., and Schaller and Spear, Js.

Argued February 18—officially released June 17, 1997

*Earl I. Williams*, for the appellants-appellees (plaintiffs).

*D. Kirt Westfall*, with whom, on the brief, was *Rhoda L. Rudnick*, for the appellees-appellants (defendants).

*Opinion*

SPEAR, J. In this real estate dispute, the plaintiffs, would-be buyers, appeal from the judgment of the trial court claiming that the trial court improperly (1) refused to enforce the plaintiffs' rights in either of two 1975 real estate sales contracts by finding that such rights were time barred and (2) failed to find that a 1982 document, either alone or in conjunction with certain claimed acts of part performance, constituted a contract between the plaintiffs and the defendants for the sale of the subject property. The defendants filed a cross appeal, claiming that the trial court improperly (1) allowed the plaintiffs to amend their complaint by adding, inter alia, an unjust enrichment count based on

claimed improvements to the property after the defendants had moved for summary judgment on the complaint and (2) awarded the plaintiffs damages on the unjust enrichment count. We affirm the judgment of the trial court.

The relevant findings and conclusions of law made by the trial court are as follows. The parties entered into a written contract on July 15, 1975, pursuant to which the defendants were to sell certain real property to the plaintiffs. This contract was superseded by a second contract dated December 31, 1975. Any action on the second contract was barred by the six year statute of limitations provided in General Statutes § 52-576. The parties had discussions in 1982 concerning revisions to the second contract. Although a draft agreement was produced, it was not signed by any of the parties. The claimed acts of partial performance by the plaintiffs were repairs and improvements unrelated to performance under the contract and were thus insufficient to overcome the defendants' statute of frauds defense. The plaintiffs' claim for specific performance based on either of the 1975 contracts was at least twelve years late and, therefore, barred by General Statutes § 47-33a (c).[1] Finally, the trial court found that certain maintenance and improvements paid for by the plain-

---

[1] General Statutes § 47-33a provides: "Action on agreement to sell real estate. (a) No interest in real property existing under an executory agreement for the sale of real property or for the sale of an interest in real property or under an option to purchase real property shall survive longer than one year after the date provided in the agreement for the performance of it or, if the date is not so provided, longer than eighteen months after the date on which the agreement was executed, unless the interest is extended as provided herein or unless action is commenced within the period to enforce the agreement and notice of lis pendens is filed as directed by section 52-325.

"(b) The interest may be extended only by reexecution of the written agreement or by execution of a new written agreement, provided the agreement, whether reexecuted or newly executed, shall be recorded as directed by sections 47-10 and 47-17. The period provided by this section shall not otherwise be extended, whether because of death, disability or

tiffs benefited the defendants and constituted unjust enrichment. The court rendered judgment for the plaintiffs in the amount of $20,674.35 on that claim. This appeal and cross appeal followed.

The plaintiffs assert that they should prevail on their appeal because (1) the 1982 draft agreement was effective even though it was not signed, (2) their part performance pursuant to the unsigned 1982 document was sufficient to prevent the operation of the statute of frauds, and (3) the statutes of limitation on the 1975 contract were tolled, or the defendants are equitably estopped from asserting such a defense.

I

A

In their brief, the plaintiffs claim that the 1982 document was a valid contract despite the absence of the parties' signatures. The cases cited by the plaintiffs, *Schwarzschild* v. *Martin*, 191 Conn. 316, 464 A.2d 774 (1983), and *Sawmill Brook Racing Assn., Inc.* v. *Boston Realty Advisors, Inc.*, 39 Conn. App. 444, 664 A.2d 819 (1995), are inapposite cases discussing the writing requirement of General Statutes § 52-408 for a contract authorizing arbitration. Neither case is concerned with contracts for the sale of real property. The statute of frauds section that is applicable to the transfer of real property applies here.[2]

---

absence from the state or for any other reason. Upon the expiration of an interest the title to property affected by the interest shall not thereafter be considered unmarketable because of the expired interest.

"(c) Nothing in this section shall be construed to limit or deny any legal or equitable rights a party may have under the agreement except the right to have the agreement specifically enforced."

[2] General Statutes § 52-550 (a) provides in relevant part: "(a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property . . . ."

## B

The plaintiffs next contend that the unsigned 1982 draft agreement is valid and enforceable. Despite the parties' failure to sign the draft agreement, the plaintiffs assert that it is enforceable because the parties assented to it and performed in accordance with its terms. We are not persuaded.

The statute of frauds requires contracts for the conveyance of realty to be in writing. *Hieble* v. *Hieble*, 164 Conn. 56, 59, 316 A.2d 777 (1972). "We have repeatedly recognized that a contract is enforceable, despite the statute, when, subsequent to the making of the contract, there has been conduct that amounts to part performance." *Heyman* v. *CBS, Inc.*, 178 Conn. 215, 222, 423 A.2d 887 (1979). The plaintiffs do not claim that the 1982 draft agreement was signed, but rather that this case falls into the partial performance exception to the statute of frauds.

"[T]he acts of part performance generally must be such as are done by the party seeking to enforce the contract, in pursuance of the contract, and with the design of carrying the same into execution, and must also be done with the assent, express or implied, or knowledge of the other party, and be such acts as alter the relations of the parties. . . . The acts must also be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute . . . ." (Citations omitted; internal quotation marks omitted.) *Ubysz* v. *DiPietro*, 185 Conn. 47, 54, 440 A.2d 830 (1981).

At trial, the plaintiffs introduced evidence of continued monthly rental payments and voluntary repairs made on the premises. Occupancy payments and normal upkeep, however, were not part of the consideration that the parties bargained for and indicate only

a landlord-tenant relationship. Such conduct does not further the contract and provide a basis for finding that " 'the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific enforcement.' . . . 1 Restatement (Second), Contracts (1981) § 129; *Montanaro Bros. Builders, Inc.* v. *Snow,* [190 Conn. 481, 487, 460 A.2d 1297 (1983)]." *Dunham* v. *Dunham,* 204 Conn. 303, 315, 528 A.2d 1123 (1987). Accordingly, we conclude that the plaintiffs failed to satisfy the requirements for the partial performance exception to the statute of frauds.

## II

The plaintiffs claim that the trial court improperly found that their specific performance and breach of contract claims are time barred. We are unpersuaded.

Generally, a claim for specific performance of a contract for the sale of realty must be brought within one year of the specified date of closing or no more than eighteen months from the date of the contract's execution. General Statutes § 47-33a (a).[3] Although the plaintiffs do not indicate which of the claimed contracts should survive the statute of limitations, the only valid contract is the second of the two contracts executed. The trial court's legal conclusion that the second contract superseded the first is not challenged. Pursuant to § 47-33a (b), the interest in real estate may be extended only by "reexecution of the written agreement or by execution of a new written agreement . . . ." There were no extensions in this case, and the trial court properly concluded that the claim was time barred.

To save the 1975 contract from the statute of limitations, the plaintiffs invoke the equitable principle of

---

[3] See footnote 1.

estoppel. "There are two essential elements to an estoppel—the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done. . . . Estoppel rests on the misleading conduct of one party to the prejudice of the other." (Citations omitted; internal quotation marks omitted.) *Spear-Newman, Inc.* v. *Modern Floors Corp.*, 149 Conn. 88, 91, 175 A.2d 565 (1961); see also *Morris* v. *Costa*, 174 Conn. 592, 599, 392 A.2d 468 (1978).

The short answer to this claim is that the trial court did not find that the defendants' actions constituted misrepresentation. "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Tyler's Cove Assn., Inc.* v. *Middlebury,* 44 Conn. App. 517, 527–28, 690 A.2d 412 (1997). After a careful review of the record, we conclude that the trial court's factual findings are not clearly erroneous.

The plaintiffs also claim that under the circumstances of this case, the statute of limitations, § 52-576, was tolled.[4] We disagree. Any claim upon a written contract

---

[4] General Statutes § 52-576 provides in relevant part: "(a) No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues, except as provided in subsection (b) of this section.

"(b) Any person legally incapable of bringing any such action at the accruing of the right of action may sue at any time within three years after becoming legally capable of bringing the action. . . ."

must be brought within six years after the right of action accrues. "In an action for breach of contract, the cause of action is complete upon the occurrence of the breach, that is, when the injury has been inflicted." *Gaylord Hospital* v. *Massaro*, 5 Conn. App. 465, 467, 499 A.2d 1162 (1985). This action was commenced in 1989, more than six years after the December 31, 1975 closing date passed.

The defendants contend that the statute of limitations was tolled because of the defendants' continuing course of misrepresentations and promises to convey the property. In light of the specific refusal by the trial court to find that the defendants' conduct was malicious or that misrepresentations were made, we will not deprive the defendants of the "finality, repose and avoidance of stale claims and stale evidence" for which the statute of limitations was designed. *Connecticut Bank & Trust Co.* v. *Winters*, 225 Conn. 146, 157 n.20, 622 A.2d 536 (1993).

### III

On their cross appeal, the defendants claim that the trial court improperly allowed the plaintiffs to amend their complaint after the defendants moved for summary judgment. The defendants contend that the allowance of the amendment created undue prejudice. We disagree.

"Our courts have pursued a liberal policy in allowing amendments." *Johnson* v. *Toscano*, 144 Conn. 582, 587, 136 A.2d 341 (1957). "A trial court has wide discretion in granting or denying amendments to the pleadings and only rarely will this court overturn the decision of the trial court. *Citizens National Bank* v. *Hubney*, 182 Conn. 310, 312–13, 438 A.2d 430 (1980). *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 67, 485 A.2d 1296 (1985). To reverse a ruling of the trial court allowing an amendment to the

pleadings requires that the defendant make a clear showing of abuse of discretion. *Saphir* v. *Neustadt*, 177 Conn. 191, 206, 413 A.2d 843 (1979)." (Internal quotation marks omitted.) *Neiditz* v. *Housing Authority*, 231 Conn. 598, 601, 651 A.2d 1295 (1995).

"In determining whether there has been an abuse of discretion, much depends on the circumstances of each case. . . . *Cummings* v. *General Motors Corporation*, 146 Conn. 443, 449, 151 A.2d 884 [1959]; *Antonofsky* v. *Goldberg*, 144 Conn. 594, 597, 136 A.2d 338 [1957]." *DuBose* v. *Carabetta*, 161 Conn. 254, 263, 287 A.2d 357 (1971). "In the final analysis, the court will allow an amendment unless it will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party. *Crowell* v. *Middletown Savings Bank*, 122 Conn. 362, 189 A. 172 (1937)." *Moore* v. *Sergi*, 38 Conn. App. 829, 836, 664 A.2d 795 (1995).

Contrary to the defendants' assertions, an amended complaint in response to a motion for summary judgment does not constitute prejudice per se.[5] Where a legitimate cause of action is available, but not raised in the original complaint, and allowing such claim in the proceedings will not unduly prejudice the opposing party, then allowing the amendment is not an abuse of the court's discretion. Indeed, trial courts "may be well-advised to exercise leniency when amendments are proffered in response to a motion for summary judgment, rather than on the eve of trial . . . ." (Citation

---

[5] The defendants also argue that the trial court abused its discretion by failing to weigh the underlying intent of the plaintiffs in amending the complaint. The defendants assert that the plaintiffs amended the complaint, adding claims for which there was no bases in fact and law, for the sole purpose of avoiding judgment. We reject this claim because the amended complaint contained the only cause of action on which the plaintiffs were successful.

omitted.) *Conference Center Ltd.* v. *TRC*, 189 Conn. 212, 216–17, 455 A.2d 857 (1983). We conclude that it was not an abuse of discretion for the trial court to allow the amended complaint offered by the plaintiffs.

## IV

The defendants also assert that the trial court's award of damages for unjust enrichment is contrary to fact and law. We are unpersuaded.

"A right of recovery [for unjust enrichment] is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff." *Schleicher* v. *Schleicher*, 120 Conn. 528, 534, 182 A.2d 162 (1935). " 'Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment.' . . ." (Citation omitted.) *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 283, 649 A.2d 518 (1994).

In its memorandum of decision, the trial court found that the three requirements were met. "[T]he determinations of whether a particular failure to pay was unjust and whether the defendant was benefited are essentially factual findings for the trial court that are subject only to a limited scope of review on appeal. *Stabenau* v. *Cairelli*, 22 Conn. App. 578, 581, 577 A.2d 1130 (1990). Those findings must stand, therefore, unless they are clearly erroneous or involve an abuse of discretion. Id. This limited scope of review is consistent with the general proposition that equitable determinations that depend on the balancing of many factors are committed to the sound discretion of the trial court. *Reynolds* v. *Ramos*, 188 Conn. 316, 321, 449 A.2d 182 (1982) . . . ." (Citation omitted.) *Hartford Whalers Hockey*

*Club* v. *Uniroyal Goodrich Tire Co.*, supra, 231 Conn. 283.

The trial court awarded the plaintiffs sums of money for various years without stating its reasons for the award and the defendants did not request an articulation. On this state of the record, we cannot review the defendants' claims that the sums were awarded for items of normal upkeep, maintenance and household items that could not constitute unjust enrichment.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] Practice Book § 4007 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this rule, the term 'record' is not limited to its meaning pursuant to Sec. 4013 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."