[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Charles R. Boyce II and Barbara L.S. Donahue, filed a four-count complaint against the defendant, Darrell J. Canby as trustee of the Mildred B. Caldwell Trust I dated July 7, 1996. The plaintiffs allege that they entered into an agreement with the defendant to purchase certain real property located at 130 Cat Rock Road, Greenwich, which was owned by the trust. Upon being informed that the plaintiffs were interested in purchasing a new home and that they desired their property to border some type of nature preserve to give them added privacy and seclusion, the defendant's agent represented to the plaintiffs that the subject property adjoined a twenty acre nature preserve. After purchasing the property, the plaintiffs learned that the property does not adjoin any preserve. The plaintiffs have brought causes of action against the trust for rescission and restitution based on theories of innocent misrepresentation, negligent misrepresentation and fraud in counts one through three respectively. Count four alleges a cause of action under General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). CT Page 2103
The defendant filed a motion to strike (#134) count four and the corresponding prayers for relief based on the ground that CUTPA does not apply to a one-time private sale of real estate by a seller not engaged in the business of selling real estate. The defendant also moves the court to strike the plaintiffs' claims for punitive damages and attorney's fees under count three, on the ground that a principal cannot be held liable for punitive damages upon the conduct of its agent merely by reason of the relation of principal and agent absent some alleged misconduct by the principal.
The plaintiffs argue that a one time occurrence can form the basis of a claim under CUTPA. The plaintiffs also argue that the claim for punitive damages is based on the direct act of the defendant's signing the listing agreement, which allegedly contained a material misrepresentation.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
"The purpose of CUTPA is to protect the public from unfair practices in the conduct of any trade or commerce. . . ." Krawiecv. Blake Manor Development Corp. , 26 Conn. App. 601, 607,602 A.2d 1062 (1992). "[T]o allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." Pergament v. Green,32 Conn. App. 644, 655, 630 A.2d 615, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "CUTPA is not applicable to this type of one time sale by private parties. There is no evidence that the sale of residences was the defendant's trade or, business." McNeil v.Riccio, Superior Court, judicial district of New Haven at New Haven, Docket No. 368563 (July 19, 1995, Booth, J.), aff'd,45 Conn. App. 466, 696 A.2d 1050 (1997). In Doty v. Silver, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293192 (February 25, 1995, Hauser, J.), the court specifically held "that an isolated private sale of real estate by one not in CT Page 2104 the business of doing so, is not encompassed within the `trade or commerce' language of the CUTPA statute (§ 42-110b)." See also Pfeffer v. Fontana, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 340872 (January 25, 1998, Skolnick, J.) and cases cited therein.
In the present case, the plaintiffs have failed to plead sufficient facts in count four of the complaint to demonstrate that the defendant was engaged in the business of selling real estate. Accordingly, the plaintiffs' prayer for relief for punitive damages and attorney's fees under CUTPA cannot be maintained. See Saturn Construction Co. v. Premier Roofing Co.,238 Conn. 293, 311, 680 A.2d 1274 (1996) (under CUTPA, a plaintiff is entitled to have the trial court consider awarding both punitive damages pursuant to General Statutes § 42-110g(a) and attorney's fees pursuant to General Statutes §42-110g (d)). "[T]he striking of the defendants' CUTPA claims makes General Statutes §§ 42-110g (a) (g) inapplicable." Ricotta v. Drummond, Superior Court, judicial district of Danbury at Danbury, Docket No. 324047 (February 25, 1997, Stodolink, J.).
"The common-law rule that exemplary or punitive damages may not be imposed upon a principal vicariously for the acts of an agent was laid down nearly a century ago by the Supreme Court of this state in the case of Maisenbacker v. Society Concordia,71 Conn. 369, [379,] 42 A. 67 (1899), wherein the court stated: `As its agent was acting within the scope of his employment, the law compels the defendant to compensate the plaintiff for the injuries she has sustained from the wrongful acts of the agent, but it does not punish the defendant for the malicious purpose or intent which prompted the agent's conduct. To render the principal liable in exemplary damages for the acts of his agent in the course of his employment, but done with such malicious intent, some misconduct of the [principal] beyond that which the law implies from the mere relation of principal and agent, must be shown."' Silva v. Arroyo, Superior Court, judicial district of New London, Docket No. 537532 (June 26, 1996, Austin, J.) (17 Conn. L. Rptr. 306).
In the present case, the plaintiffs have failed to plead facts showing such misconduct on the part of the defendant to demonstrate that the plaintiffs are entitled to punitive damages under count three of the complaint. "The general rule of law known as the `American rule' is that attorneys fees and ordinary expenses and burdens of litigation are not allowed to the CT Page 2105 successful party absent a contractual or statutory exception. . . . There are few exceptions. For example, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a statute may confer such rights." (Citations omitted.) Rizzo Pool Co. v. Del Grosso,240 Conn. 58, 72-73, 689 A.2d 1097 (1997). The plaintiffs have failed to plead facts indicating that they are entitled to common law attorney's fees.
The defendant's motion to strike count four of the plaintiffs' complaint and the corresponding prayer for relief for statutory punitive damages and attorneys fees under CUTPA in paragraphs three and five of the prayer for relief, is granted. The defendant's motion to strike the plaintiffs' prayer for common law punitive damages and attorney's fees pursuant to paragraph sixteen of count three of the complaint, as well as those claims made in paragraphs three and five of the prayer for relief is also granted.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of February, 1998.
William Burke Lewis Judge