[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 107)
On February 18, 1997, the plaintiff, John Palazzo, filed a two-count complaint against the defendants, Koskoff, Koskoff 
Bieder (Koskoff) and John D. Jessep, an attorney employed by Koskoff. The complaint, as amended on June 22, 1999, alleges that the defendants' failure or refusal to pay the plaintiff an agreed upon referral fee constitutes a breach of fiduciary duty (count one), fraudulent violation of trust (count two), and breach of contract (count three).
The plaintiff alleges the following. On or before March 28, 1989, Attorney Charles Hanken referred a negligence case to the defendants, in which it was agreed that the defendants would pay Hanken part of the fee that they might earn from the case as compensation for Hanken's referral. On or before March 28, 1989, Hanken owed a debt in the amount of $20,000 to the plaintiff. On said date, Hanken assigned his right to the referral fee, not to exceed $20,000, to the plaintiff. Further, Hanken authorized the defendants to pay the $20,000 directly to the plaintiff upon the successful prosecution of the case, and providing attorney's fees sufficient to pay the debt were owed to Hanken, Hanken's debt to the plaintiff remained outstanding and the plaintiff had not revoked the assignment. The defendants confirmed the assignment in writing to the plaintiff and never revoked the assignment. Defendants settled the negligence case for $100,000 on or about January 30, 1990. Prior to distribution of the proceeds, Attorney Hanken informed defendant Jessep that the monies originally to be withheld for the plaintiff could be forwarded to Hanken. On January 30, 1990, defendants forwarded their check for $10,166.67, representing a one third forwarding fee based upon an attorney's fee of $33,333.
On February 20, 1990, Hanken told the plaintiff that the negligence case was still pending and, to assure him of payment, executed a demand note promising to pay the said $20,000 debt to the plaintiff. Hanken died before paying his debt to the plaintiff. On or after February 18, 1991, Jessep told the plaintiff's attorney, John Guman, that the negligence case had been settled and that the funds had been disbursed. Furthermore, Jessep said that he did not know that the debt was still CT Page 9377 outstanding, as Hanken had told him otherwise. The defendants have failed to pay to the plaintiff Hanken's share of the attorney's fees.
Now before the court is defendants motion for summary judgment filed on the ground that all counts of the plaintiff's complaint are barred by the statute of limitations and dated May 4, 1999. As required by Practice Book 17-45, the defendants have filed appropriate documentation in support of the motion for summary judgment, including a memorandum of law, a supplementary memorandum of law, the affidavit of Jessep, a copy of Hanken's letter to Koskoff authorizing payment of the referral fee to the plaintiff, a copy of Jessep's letter to the plaintiff describing Hanken's authorization and a document accounting for Koskoff's dispersal of the proceeds from settlement of the negligence case.
In support of his objection to the motion for summary judgment, the plaintiff has submitted a memorandum of law, a supplementary memorandum of law, a copy of Hanken's demand note, a copy of Guman's letter to Jessep inquiring as to the status of the negligence case and the affidavits of the plaintiff and Guman.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Internal quotation marks omitted.) Mafucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998).
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v.Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984); see e.g., Collum v. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329
(1996). Under General Statutes § 52-577, "the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and CT Page 9378 the date the action was filed." Collum v. Chapin, supra,40 Conn. App. 451. "A summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." (Internal quotation marks omitted.) Id., 453.
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
 A. Breach of Trust and Breach of Fiduciary Duty
The defendants argue in their memorandum of law that counts one and two of the complaint, alleging breach of trust and breach of fiduciary duty, are subject to a three year statute of limitations. They claim that the latest these claims could have accrued was January 30, 1990, the date when a check was cut to the order of Hanken for the balance of his fee. The defendants thus conclude that, because the plaintiff's complaint was not filed by January 30, 1993, three years after the date of accrual, they are entitled to judgment as a matter of law on counts one and two.
The plaintiff argues in his memorandum of law that the claim could not have accrued on January 30, 1990 because he did not learn until some time after February 18, 1991 that the defendants had settled the negligence case and had distributed the referral fee to Hanken.
Actions sounding in breach of trust or breach of fiduciary duty are governed by § 52-577 of the General Statutes. Lambert v.Stovall, 205 Conn. 1, 4, 529 A.2d 710 (1987). Under § 52-577, "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action "begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury." Collum v. Chapin, CT Page 9379 supra, 40 Conn. App. 451.
Therefore, even if the undisputed facts support a conclusion that the last possible act or omission occurred in late February, 1991, the plaintiff should have commenced the suit by late February, 1994 in order to comply with the three year statute of limitations requirement. However, the plaintiff did not commence the suit until February 18, 1997, almost six years later. Accordingly, counts one and two of the complaint, alleging a cause of action founded on tort, are barred by the statute of limitations. Therefore, the defendants' motion for summary judgment as to counts one and two is granted.
 B. Breach of Contract
The defendants argue in their memorandum of law that count three of the complaint, alleging breach of contract, also accrued on January 30, 1990. Breach of contract claims are subject to the six year statute of limitations of § 52-576 (a) of the General Statutes. Therefore, the defendants argue that, because the plaintiff's complaint was not filed by January 30, 1996, six years after the date of accrual, the court must grant summary judgment as to count three.
The plaintiff counters in his memorandum of law that the claim for breach of contract did not accrue until some time after February 18, 1991, when he first learned that he would not receive Hanken's share of the proceeds. The plaintiff thus argues that, because his complaint was filed on February 18, 1997, less than six years after the alleged date of accrual, his claim is not barred by the statute of limitations.
General Statutes § 52-576 (a) provides, in pertinent part, that "[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . ." "In an action for breach of contract, the cause of action is complete upon the occurrence of the breach, that is, when the injury has been inflicted." (Internal quotation marks omitted.) McNeil v.Riccio 45 Conn. App. 466, 473, 696 A.2d 1050 (1997). "While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action." CT Page 9380 (Internal quotation marks omitted.) Engelman v. ConnecticutGeneral Life Ins. Co, 240 Conn. 287, 294 n. 7, 690 A.2d 882, (1997), on remand, Superior Court, judicial district of New Haven at New Haven, Docket No. 337028 (August 12, 1997, Barnett, J.) (20 Conn. L. Rptr. 331). Although application of the rule that the cause of action is complete at the time the breach of contract occurs "may result in occasional hardship, it is well established that ignorance of the fact that damage has been done does not prevent the running of the statute. . . ." (Internal quotation marks omitted.) Beckenstein v. Potter Carrier, Inc.,191 Conn. 150, 156, 464 A.2d 18 (1983).
Here, the alleged breach of contract occurred on January 30, 1990, when Koskoff distributed the proceeds from settlement of the case to Hanken instead of to the plaintiff. (Defendant's Memorandum of Law, Exhibit C.) The court finds it is immaterial that Palazzo did not learn of the breach for more than a year. The plaintiff's complaint should have been filed no later than January 30, 1996; however, the plaintiff argues, in the alternative, that the statute of limitation is tolled because the defendants fraudulently conspired to prevent him from knowing that the case had been settled and that the proceeds had been distributed to Hanken.
In Connecticut, "[i]f any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." General Statutes § 52-595. It is not sufficient for the plaintiff "to prove merely that it [is] more likely than not that the [defendant] . . . concealed the cause of action. Instead, the [plaintiff must] prove fraudulent concealment by the more exacting standard of clear, precise, and unequivocal evidence." (Internal quotation marks omitted.) Bartone v. RobertL. Day Co., Inc., 232 Conn. 527, 533, 656 A.2d 221 (1995). Under Connecticut case law, plaintiffs are required to show: "(1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) [the] defendant's intentional concealment of these facts from the plaintiffs; and (3) [the] defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action." Id. Furthermore, "[t]he actions of the defendant must be directed to the very point of obtaining the delay of which he afterward seeks to take CT Page 9381 advantage by pleading the statute." (Internal quotation marks omitted.) Id., 534, n. 5.
Here, the plaintiff, in opposing the motion for summary judgment, has failed to meet the evidentiary burden required to show that there is a genuine issue of material fact as to his adverse claim of fraudulent concealment. See Home Ins. Co. v.Aetna Life Casualty Co., supra, 235 Conn. 202. Although the defendants may have breached their agreement to pay the plaintiff "unless sooner notified to the contrary by [the plaintiff]" (Defendant's Memorandum of Law, Exhibit A), the plaintiff has presented no "clear, precise and unequivocal evidence" that the defendants intentionally concealed the disbursement to Hanken from the plaintiff for more than a year. See Bartone v. Robert L.Day Co. Inc., supra, 232 Conn. 533. To the contrary, the plaintiff states in his memorandum of law that on February 11, 1991, after Guman wrote a letter to Jessep inquiring about the debt was still outstanding," saying that "Hanken had informed him otherwise, and that the case was settled already." (Plaintiff's Memorandum of Law, p. 3.) Guman's affidavit corroborates that Jessep told Guman he did not think that the debt was still outstanding because Hanken had told Jessep otherwise. (Guman Affidavit, ¶ 3.) Therefore, because the evidence reveals that Jessep believed Hanken's debt to the plaintiff had already been paid, there is no basis for finding an intent to conceal delivery of the referral fee to Hanken by the defendants. Furthermore, the plaintiff has failed to allege or prove that any other Koskoff employee fraudulently concealed information about payment of the referral fee to Hanken. Accordingly, the court concludes that the statute of limitations for breach of contract is not tolled due to fraudulent concealment by the defendants.
As "the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the . . . limitations period," see Collum v. Chapin, supra40 Conn. App. 453, the defendants' motion for summary judgment as to count three is granted.
Accordingly, the court grants summary judgment in favor of the defendants on all three counts of the plaintiff's complaint.
SKOLNICK, J. CT Page 9382