ANTHONY BARTONE ET AL. *v.* ROBERT L. DAY COMPANY, INC., ET AL.
(15094)
(15096)

PETERS, C. J., and BORDEN, BERDON, KATZ and PALMER, Js.

Argued February 9—decision released April 4, 1995

*Constance L. Epstein,* with whom, on the brief, was *Robert P. Volpe,* for the appellant in Docket No. 15094, appellee in Docket No. 15096 (named defendant).

*Philip M. Block,* for the appellees in Docket No. 15094, appellants in Docket No. 15096 (plaintiffs).

*Charles J. Irving,* for the appellees in Docket No. 15096 (defendant Gene Gualazzi et al.).

*John R. McLain,* for the appellee in Docket No. 15096 (defendant Robert L. Day.).

*Thomas A. Kyzivat,* for the appellees in Docket No. 15096 (defendant town of Deep River et al.).

PETERS, C. J. In this case involving the allegedly negligent installation of a septic system as part of a newly constructed home, the principal issue is whether otherwise applicable statutes of limitation have been

superseded by the fraudulent concealment of the existence of the home owners' cause of action. The plaintiffs, Anthony Bartone and Linda Bartone, filed an amended complaint charging the defendants Robert L. Day Company, Inc. (Day Company), Robert L. Day and Robert L. Day II, the general contractor, with five counts of tortious misconduct, including a claim that these defendants had violated General Statutes § 42-110b of the Connecticut Unfair Trade Practices Act (CUTPA).[1] The plaintiffs' fourth amended complaint contained five additional counts claiming similar misconduct on the part of the defendants Gene Gualazzi and Jerry Gualazzi, the installers of the septic system. In three further counts, the plaintiffs' complaint charged the defendant Landon Woodcock, the public health officer of the town of Deep River, and the defendant town of Deep River (town), with negligence and fraud in the issuance of permits relating to the plaintiffs' septic system.

The trial court, *Arena, J.*, granted motions for summary judgment filed by the defendants Gene Gualazzi, Woodcock and the town. The trial court, *Arena, J.*, granted a motion filed by the defendant Jerry Gualazzi to strike the fourth amended complaint insofar as it added an allegation of fraudulent concealment on his part. The trial court, *J. Walsh, J.*, struck the plaintiffs' CUTPA claim, but allowed their remaining counts to be determined by a jury. In accordance with the jury's verdict, the trial court, *J. Walsh, J.*, rendered judgment in favor of Robert L. Day and Robert L. Day II, and against the Day Company.

The plaintiffs have appealed from the granting of the motions for summary judgment and of the motion to

---

[1] General Statutes § 42-110b provides in relevant part: "UNFAIR TRADE PRACTICES PROHIBITED. LEGISLATIVE INTENT. (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

strike, and from the verdict with respect to Robert L. Day. The Day Company has appealed from the judgment rendered against it. After consolidation of the appeals, we transferred them from the Appellate Court to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). On the Day Company's appeal, we reverse the judgment holding it liable; on the plaintiffs' appeal, we affirm the judgment finding no liability on the part of any of the remaining defendants.

For the purposes of these appeals, the following facts are not disputed. On June 9, 1986, the plaintiffs contracted with the Day Company for the construction of a new home on property in a subdivision in Deep River. Radcliffe Engineering, P.C. (Radcliffe), was the Day Company's subcontractor for the design of the septic system on the plaintiffs' property. Twin Oaks Construction, Inc. (Twin Oaks), was the Day Company's subcontractor for the installation of the septic system; Jerry Gualazzi, a licensed septic system installer, performed the actual work of installation on behalf of Twin Oaks. Woodcock, the sanitarian of the town, issued a permit for the construction of the septic system as designed by Radcliffe. Woodcock subsequently issued a certificate of occupancy, implying that all necessary inspections had been successfully completed, on February 10, 1987. That same day, the closing between the plaintiffs and the Day Company took place.

The parties did not discuss any possible problems with the septic system until March, 1991, more than four years after the date of the closing. On March 6, 1991, at the plaintiffs' request, the Day Company dug up and replaced a portion of damaged piping within the septic system. The damaged pipe was left on the plaintiffs' property. Subsequent investigators of the septic system found its construction to be significantly deficient

because of improper fill, foreign objects in the fill, improper placement of pipes and a hole in the septic tank.

Between July, 1991, when the plaintiffs filed their intitial complaint, and July, 1993, when they filed their fourth amended complaint, the plaintiffs amplified their pleadings to charge all the defendants with tortious misconduct and violations of CUTPA. Each of the defendants replied by citing applicable statutes of limitations that, on their face, would have barred the plaintiffs' complaint because it had not been filed within three years of "the act or omission complained of." See General Statutes §§ 52-577, 52-584 and 42-110g (f).[2] In response, the plaintiffs have, in the main,[3] invoked Gen-

---

[2] General Statutes § 52-577 provides: "ACTION FOUNDED UPON A TORT. No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

General Statutes § 52-584 provides in relevant part: "LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

General Statutes § 42-110g provides in relevant part: "ACTION FOR DAMAGES. CLASS ACTIONS. COSTS AND FEES. EQUITABLE RELIEF. (a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper. . . .

"(f) An action under this section may not be brought more than three years after the occurrence of a violation of this chapter."

[3] With respect to Woodcock and the town, the plaintiffs also argue that the liability of these defendants did not accrue until April, 1991, when the plaintiffs were ordered to correct their defective septic system. That argu-

eral Statutes § 52-595, which provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."[4]

The applicability of § 52-595 in the circumstances of this case is, therefore, the dispositive issue in these appeals. The question before us is whether the plaintiffs have adduced any credible evidence that any of the defendants fraudulently concealed the existence of

ment is unsustainable in light of the particulars of counts seven, eight and nine of the complaint, as amended, which charge these defendants only with tortious failure to inspect or supervise the initial construction of the plaintiffs' septic system. Although these counts incorporate by reference paragraph eleven of the first count, a charge of fraudulent concealment against all the defendants, we construe paragraph eleven as an invocation of General Statutes § 52-595 rather than as a new claim of subsequent misconduct.

With respect to Jerry Gualazzi and Gene Gualazzi, the plaintiffs further argue that the trial court, *Arena, J.*, improperly granted Jerry Gualazzi's motion to strike portions of the plaintiffs' fourth amended complaint dated July 14, 1993, improperly granted Gene Gualazzi's motion for summary judgment, and improperly precluded the plaintiffs from filing further pleadings or amendments to their pleadings. The trial court's decisions were premised on the plaintiffs' failure to comply with the time constraints under the applicable statutes of limitations, and their failure to include in earlier pleadings any express allegation of fraudulent concealment to avoid the running of the statutes. The trial court precluded further pleadings by the plaintiffs on October 6, 1993, within days of the beginning of the trial.

The plaintiffs' convoluted briefing of these issues fails to persuade us that the trial court's rulings were incorrect. Even if they were, however, any error would be harmless in the absence of any evidence of fraudulent concealment by these defendants. Although Jerry Gualazzi, as the actual installer of the septic system, may be charged with actual knowledge of defects in its construction, there is no evidence of misrepresentations on his part that were intended to delay the plaintiffs from timely pursuit of their cause of action.

[4] Because we conclude that the plaintiffs have failed to prove fraudulent concealment, we need not consider their contention that, despite our decision in *Fichera* v. *Mine Hill Corp.*, 207 Conn. 204, 215–17, 541 A.2d 472 (1988), the statute of limitations contained in CUTPA; General Statutes § 42-110g (f); may be avoided by proof of such fraudulent concealment.

the plaintiffs' cause of action. "To meet this burden, it was not sufficient for the plaintiffs to prove merely that it was more likely than not that the defendants had concealed the cause of action. Instead, the plaintiffs had to prove fraudulent concealment by the more exacting standard of clear, precise, and unequivocal evidence. *Beckenstein* v. *Potter & Carrier, Inc.*, 191 Conn. 150, 163, 464 A.2d 18 (1983); *Puro* v. *Henry*, [188 Conn. 301, 308, 449 A.2d 176 (1982)]; *Alaimo* v. *Royer*, 188 Conn. 36, 39, 448 A.2d 207 (1982)." (Internal quotation marks omitted.) *Bound Brook Assn.* v. *Norwalk*, 198 Conn. 660, 666, 504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S. Ct. 81, 93 L. Ed. 2d 36 (1986). Under our case law, to prove fraudulent concealment, the plaintiffs were required to show: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) that defendant's intentional concealment of these facts from the plaintiffs; and (3) that defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action. *Connell* v. *Colwell*, 214 Conn. 242, 250–51, 571 A.2d 116 (1990); *Bound Brook Assn.* v. *Norwalk*, supra, 665–66; *Lippitt* v. *Ashley*, 89 Conn. 451, 480, 94 A. 995 (1915). Our examination of the evidence persuades us that the plaintiffs have failed to make such a showing.

The plaintiffs' argument on fraudulent concealment is principally predicated on the proposition that, because a septic system is buried in the course of construction, any defects arising out of its negligent construction or out of its failure to correspond with representations about its reliability are necessarily concealed by those who have any responsibility, direct or indirect, for its construction.[5] If that argument were

---

[5] The plaintiffs also advert to the fact that, during the construction of their home, they discovered water in their unfinished foundation and

to prevail, it would toll, until the time of discovery, the statute of limitations with respect to any latent defects in a construction project.

The plaintiffs' argument cannot be sustained in light of our decision directing a verdict for similarly situated defendants in *Bound Brook Assn.* v. *Norwalk,* supra, 198 Conn. 660. In that case, this court held that the defendants could not be held liable for fraudulent concealment without a showing of their actual knowledge of deficiencies in the construction of the plaintiffs' homes. Id., 668. This court further held that the defendants' failure to warn the plaintiffs "after problems had developed" with respect to their homes did not prove fraudulent concealment without a showing that such a failure to warn was motivated by an intent to conceal from the plaintiffs the existence of a cause of action in order to delay their filing suit. Id., 669–70.

Our holding in *Bound Brook Assn.* is, moreover, fully consistent with statutory policy regarding liability for new home construction. General Statutes § 47-121,[6] which provides for a home owner an implied warranty that a newly constructed single-family home complies

received assurances from Robert L. Day for the Day Company that this water was not a problem. They presented no evidence, however, to link this occurrence to the alleged deficiencies in the construction of their septic system. Even if such a linkage had been demonstrated, such assurances would not constitute clear and convincing evidence of fraudulent concealment. Evidence of a misrepresentation does not itself establish that a defendant "misrepresented those facts with the intent necessary to constitute fraudulent concealment. The actions of the defendant must be 'directed to the very point of obtaining the delay of which he afterward seeks to take advantage by pleading the statute.' *Lippitt* v. *Ashley,* [supra, 89 Conn. 480]." *Connell* v. *Colwell,* supra, 214 Conn. 251.

[6] General Statutes § 47-121 provides: "IMPLIED WARRANTY WITH CERTIFICATE OF OCCUPANCY. Subject to the provisions of section 29-265, the issuance by the building department of any municipality of a certificate of occupancy for any newly constructed single-family dwelling shall carry an implied warranty to the purchaser of such dwelling from the vendor who constructed it that such vendor has complied with the building code or the

with the building code, expressly limits such a cause of action to a period of three years from the issuance of a certificate of occupancy. Although noncompliance with the building code often will not be immediately apparent to home owners, the legislature chose not to postpone the running of the statutory cause of action until the time when such noncompliance could reasonably be discovered. The legislature has, therefore, impliedly rejected the broad imposition of liability that the plaintiffs are urging upon us in this case.

The record in this case discloses that, after the issuance of the certificate of occupancy and the closing, none of the defendants said or did anything with respect to the plaintiffs' septic system until well after the expiration of the applicable statutes of limitations. There is no evidence that, during the three year period prescribed by §§ 52-577, 52-584 and 42-110g (f), any of the defendants discovered evidence of deficiencies in the construction of the plaintiffs' septic system and failed to disclose such evidence to them. With respect to this crucial time period, the plaintiffs have, therefore, wholly failed to provide clear and convincing evidence of the defendants' fraudulent intent to conceal from the plaintiffs the existence of a cause of action in order to delay the plaintiffs in their filing suit while such a course of action was still open to them.

The only defendants who allegedly had any contact with the plaintiffs after that time are the Day Company and Robert L. Day, who investigated the plaintiffs' complaints about the septic system on March 6,

customary application and interpretation of the building code of such municipality. No action shall be brought on such implied warranty but within three years next from the date of the issuance of such certificate of occupancy."

Although General Statutes § 47-120 provides that the warranty created by § 47-121 "shall be in addition to any other warranties created or implied by law," the plaintiffs do not claim on appeal to have alleged either a breach of warranty or a breach of contract in their amended complaint.

1991. Far from concealing anything, these defendants replaced a defective pipe in full view of one of the plaintiffs, and left the defective part on the plaintiffs' property. As we observed in *Bound Brook Assn.* v. *Norwalk,* supra, 198 Conn. 669, the "intensely public nature" of these repairs "cannot reasonably be construed as evidentiary of an intent to conceal the problems with the [septic system] and thus to delay the plaintiffs' discovery of their cause of action."

We recognize that we should not lightly overturn a trial court's refusal to direct a verdict or to render judgment notwithstanding the verdict. In reviewing the trial court's action, we must consider the evidence, including reasonable inferences that may be drawn therefrom, in the light most favorable to the parties who were successful at trial, giving particular weight to the "concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony . . . ." *Chanosky* v. *City Building Supply Co.,* 152 Conn. 642, 643, 211 A.2d 141 (1965). It would be improper for us to set the verdict aside and direct judgment unless we are firmly persuaded that the jury could not reasonably and legally have reached its conclusion. *Bound Brook Assn.* v. *Norwalk,* supra, 198 Conn. 667; *Bleich* v. *Ortiz,* 196 Conn. 498, 500–501, 493 A.2d 236 (1985); *Labatt* v. *Grunewald,* 182 Conn. 236, 240, 438 A.2d 85 (1980). Applying this stringent standard, we are convinced nonetheless on the basis of our examination of the record in this case, that the jury's verdict cannot be sustained because the plaintiffs have failed, as a matter of law, to prove that any of the defendants fraudulently concealed the existence of the cause of action.

On the named defendant's appeal, the judgment is reversed and the case is remanded with direction to render judgment in its favor; on the plaintiffs' appeal, the judgment is affirmed.

In this opinion the other justices concurred.