[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 11, 1993, the plaintiff, A. P Development and Services Corporation, filed a five count complaint against the defendants, Donald and Robert St. John d/b/a Clifford St. John and Sons. Following the withdrawal of two counts, the complaint now sounds in breach of contract (count one), negligent misrepresentation (count four), and a violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA), (count five).
The plaintiff is seeking damages from the defendants for the alleged misrepresentation that property indirectly transferred from the defendants to the plaintiff was absent of any "hazardous wastes, chemical or petroleum products or any liquid or substance within or upon the [p]roperty that might create liability for removal or treatment." The plaintiff alleges that the defendants knew or should have known that the property was so polluted. The plaintiff claims that the alleged misrepresentation was made sometime between March and August of 1988.
The defendants filed a motion for summary judgment (#125) on April 14, 1994. The plaintiff filed a memorandum in opposition on June 3, 1994. Three years later, on May 5, 1997, the defendants filed a supplemental brief in support of their motion. On June 30, 1997, the plaintiff filed a reply Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law Doty v. Mucci, 238 Conn. 800, 805, 679 A.2d 945
(1996). CT Page 1942
The defendants' first argument in support of their motion for summary judgment is that "[t]he statute of limitations has expired with respect to any claim asserted by the plaintiff." Specifically, the defendants argue that the two year limitation period embodied in General Statutes §52-577c applies to the present case. "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, supra,238 Conn. 806.
General Statutes § 52-577c(a) states: "no action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment shall be brought but within two years from the date when the injury or damage complained of is discovered or in the exercise of reasonable care should have been discovered." The statute refers to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq., for the definition of "hazardous chemical substance." Petroleum is excluded from this definition. See Dotyv. Mucci, supra, 238 Conn. 805.
In the present case, the plaintiff alleges that the damage to the property was caused by petroleum hydrocarbons. General Statutes §52-577c, therefore, does not apply. Additionally, the plaintiff's action is not based on personal injury or property damage caused by the exposure to a hazardous substance. Rather, the plaintiff seeks damages for injuries arising from a breach of a contract warranty, negligent misrepresentation, and a violation of CUTPA. Each of these causes of action has its own clearly defined limitation periods The statute of limitation does not bar the first count.
The defendants' next argument is that the fourth count of the complaint is barred by the applicable statute of limitations The fourth count of the complaint sounds in negligent misrepresentation. The defendants argue that either General Statutes § 52-577 or General Statutes § 52-584 applies to the present case and bars the negligent misrepresentation count. The plaintiff argues that General Statutes § 52-577 is the applicable statute, but that its application is tolled by General Statutes § 52-595.
General Statutes § 52-584 states in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence. shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission CT Page 1943 complained of."
General Statutes § 52-577 states: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of" The maximum time limitation allowed by both General Statutes § 52-577 and General Statutes § 52-584 is three years "from the date of the act or omission complained of." The plaintiff alleges that the negligent misrepresentation occurred in "the course of a transaction" occurring between March and August of 1988. The present action was not filed until January 11, 1993. 1993 is more than three years from 1988 Therefore, the plaintiff's negligent misrepresentation action is time barred under both General Statutes §§ 52-577 and 52-584, unless the tolling provision of General Statutes § 52-595 applies.
General Statutes § 52-595 states: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." In order "to prove fraudulent concealment, the [plaintiff is] required to show: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the [plaintiff's] cause of action; (2) that defendants' intentional concealment of these facts from the [plaintiff's]; and (3) that defendant's concealment of the facts for the purpose of obtaining delay on the [plaintiff's] part in filing a complaint on [its] cause of action." Bartone v. Robert L. Day Co., 232 Conn. 527, 533,656 A.2d 221 (1995).
The plaintiff has not provided any evidence to indicate that the defendants purposefully concealed the condition of the property in order to delay the plaintiff's filing of a complaint against them. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Home Insurance Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). In the present case, the plaintiff fails to provide any such evidence.
The plaintiff's negligent misrepresentation cause of action is time barred by the application of either General Statutes §§ 52-577 or52-584. Since General Statutes § 52-595 does not apply to the present case, the defendants' motion for summary judgment on count four is granted.
The defendants argue that the fifth count of the complaint is also CT Page 1944 barred by the applicable statute of limitations. The fifth count of the complaint alleges a violation of CUTPA. The parties agree that the applicable statute of limitations is General Statutes § 42-110g(f). This statute reads: "An action under [CUTPA] may not be brought more than three years after the occurrence of a violation of this chapter." The plaintiff argues that the statute has yet to begin to run because the defendants' "actionable conduct pursuant to CUTPA began with their false representations in the [r]epresentation and[w]arranty and has yet to end due to their failure to acknowledge their responsibility for [the plaintiff's] damages and reimburse [the plaintiff]."
The plaintiff's argument is without merit because the plaintiff does not allege in its complaint that the defendants' failure to acknowledge responsibility for the plaintiff's damages, and to reimburse it as such, is a violation of CUTPA. The plaintiff alleges, in its complaint, that the violations of CUTPA are the false representations and breach of warranties that formulate the breach of contract claim. The false representations and breach of warranties of which the plaintiff complains occurred more than three years prior to the filing of this action. Therefore, the defendants' motion for summary judgment on the fifth count of the complaint is also granted.
The defendants do not attack the first count of the complaint on the basis of the statute of limitations for breach of contract actions Rather, the defendants make arguments requiring the determination of several disputed issues of fact. Such a determination of facts is inappropriate on a motion for summary judgment. Therefore, the defendants' motion for summary judgment on the first count is denied.
Based on the above discussion, the defendants' motion for summary judgment on the fourth and fifth counts is granted.
So Ordered.
Dated at Stamford, Connecticut this 20th day of February, 1998.
WILLIAM B. LEWIS, JUDGE.