[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 1, 1997, the plaintiff, Mountaindale Condominium Association ("Mountaindale") filed a fifth revised complaint against the defendants, Joseph Zappone, Robert Norton, Carmella Lecko (executrix of the estate of Robert Lecko), and the Town of Thomaston. Counts one through twenty-one of the plaintiff's complaint are against the defendant Joseph Zappone, counts twenty-two and twenty-three are against Robert Norton and Carmella Lecko, and counts twenty-four and twenty-five are against the Town of Thomaston. Briefly stated, the basis of the plaintiff's complaint is the alleged defective construction of the Mountaindale Condominiums.
According to the plaintiff, when Joseph Zappone constructed the Mountaindale Condominiums he failed to build said condominiums in accordance with local and state codes by not constructing required fire separation walls between the units. The plaintiff alleges that the defendants Robert Lecko and Robert Norton, acting as Thomaston's building inspector and fire marshal, respectively, were reckless in issuing certificates of occupancy for the condominiums. As well, the plaintiff claims that Robert Lecko and Robert Norton, through their reckless issuance of certificates of occupancy, created a nuisance. The plaintiff also contends that the Town of Thomaston acted in reckless disregard for the health and safety of the plaintiff by CT Page 6025 allowing certificates of occupancy to be issued. Moreover, the plaintiff asserts that the Town of Thomaston created a nuisance by allowing said certificates of occupancy to be issued.
The defendants Joseph Zappone, Carmella Lecko, Robert Norton, and the Town of Thomaston have each filed motions for summary judgment in this case. While the motions contain distinct arguments pertinent to each particular defendant, the common basis for each motion is that the plaintiff's complaint is barred by the applicable statute of limitations. The plaintiff has filed an objection and memorandum of law in opposition to each of the motions for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgement, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 203, 663 A.2d 1001 (1995). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v.Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
 I
In support of their motion for summary judgment, the defendants Carmella Lecko and Robert Norton argue that counts twenty-two and twenty-three are barred by the applicable statute of limitations. Specifically, these defendants claim that General Statutes § 52-584 provides, at most, a three year statute of limitations from the date of the act complained of. According to Lecko and Norton, the acts complained of by the plaintiff are the construction and inspection of the Mountaindale Condominiums which took place in 1986 and 1987. These defendants emphasize that the instant action was brought in March of 1995. As such, Lecko and Norton contend that the plaintiff's claims are barred by the statute of limitations.
Moreover, these defendants argue that the plaintiff cannot invoke General Statutes § 52-595, fraudulent concealment of a cause of action, because the plaintiff has not put forth sufficient evidence to establish the elements of fraudulent concealment. According to Lecko and Norton, even if fraudulent CT Page 6026 concealment could be proved by the plaintiff, the plaintiff's cause of action accrued in 1989 when the plaintiff first knew of the lack of fire separation walls. Finally, Lecko and Norton contend that they enjoy sovereign immunity from such a lawsuit because they acted as agents of the State of Connecticut.
In opposition to Lecko and Norton's motion, the plaintiff claims that sufficient evidence has been set forth to establish the elements of fraudulent concealment of a cause of action. As well, the plaintiff contends that a continuing course of conduct by these defendants tolled the statutes of limitations.
Count twenty-two of the plaintiff's complaint sounds in reckless misconduct. Accordingly, the applicable statute of limitations is General Statutes § 52-584. Section 52-584
provides a maximum period of three years in which a plaintiff may bring such an action; measured from the date of the act or omission complained of. The acts complained of in count twenty-two surround the issuance of building permits and the issuance of certificates of occupancy. According to the plaintiff's complaint, these acts occurred in 1986 and 1987. The plaintiff's action was commenced in January of 1995. Thus, on its face, count twenty-two is barred by the statute of limitations. The plaintiff, however, has specially pleaded fraudulent concealment of the cause of action.
"Under our case law, to prove fraudulent concealment, the [plaintiff is] required to show: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiff's cause of action; (2) that defendant's intentional concealment of these facts from the [plaintiff]; (3) that defendant's concealment or the facts for the purpose of obtaining delay on the plaintiff's part in filing a complaint on their cause of action." (Citations omitted.)Bartone v. Robert L. Day Co., 232 Conn. 527, 533, 656 A.2d 221
(1995). According to the plaintiff, the elements of fraudulent concealment are met in this case because Lecko knew of the building code violations, failed to order abatement of the defects and concealed such defects by issuing certificates of occupancy. To support this claim, the plaintiff relies on the affidavit of Clarence Phillips, a licensed building inspector, who the plaintiff hired to render an opinion on this issue. The plaintiff also contends that Lecko covered up the building code violations because Lecko had a business relationship with Joseph Zappone. Moreover, the plaintiff states that Lecko intentionally CT Page 6027 failed to notify Mountaindale of the defect to the fire separation walls and affirmatively concealed the defects by coordinating responses with Zappone to Mountaindale's inquiries about the fire walls.
It is the opinion of this court that such allegations alone do not adequately fulfill the requisite elements of fraudulent concealment of a cause of action. The plaintiff has not submitted evidence to show that Lecko had an actual awareness, rather than an imputed knowledge, of the facts necessary to establish the plaintiff's cause of action. As well, the plaintiff has submitted no evidence to support the conclusion that Lecko's concealment of the facts was for the purpose of obtaining delay in the plaintiff's filing of its cause of action. Rather, the plaintiff relies on unsupported innuendo to allege fraudulent concealment by Lecko. Similarly, the plaintiff's evidence of Norton's fraudulent concealment is equally lacking. According to the plaintiff, Norton knew of the defects to the fire separation walls because Norton installed a pull-down staircase in one of the unit's attics in 1991. The plaintiff does not explain how this alleged knowledge in 1991 relates to Norton's intentional concealment for the purpose of obtaining delay on the plaintiff's part in filing their cause of action. In viewing the evidence in the light most favorable to the non-moving party, as this court must do, this court finds that the plaintiff has not adequately established fraudulent concealment of a cause of action by the defendants Lecko and Norton. This finding, however, does not serve as the sole basis for granting Lecko and Norton's motion for summary judgment on count twenty-two.
General Statutes § 52-595 provides, in relevant part, that such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." Thus, assuming fraudulent concealment, the plaintiff's cause of action in count twenty-two would accrue against Lecko and Norton when the plaintiff first knew of its existence. According to the plaintiff, it first knew of the cause of action when the defects in the fire separation walls were actually discovered in November of 1993. To support this conclusion, the plaintiff relies on the affidavits of Brian Malarkey, former Mountaindale Condominium Association President, and Richard Newell, current President of the Mountaindale Condominium Association. Malarkey's affidavit states that he did not learn of the building code violations relating to the fire separation walls at Mountaindale until March CT Page 6028 1994. Affidavit of Brian Malarkey, Paragraph 6. As well, Newell's affidavit states that he did not know of the fire wall separation violations until after November of 1993. Affidavit of Richard Newell, Paragraph 5. The determination under § 52-595
however, is when the Mountaindale Condominium Association first discovered the existence of the cause of action.
The defendants Lecko and Norton contend that Mountaindale first knew of the fire wall violations in August of 1989. To support their position, the defendants rely on a letter written by Daniel Portanova (President of the Mountaindale Board of Directors in 1989) to Andy Gionta (Manager of the Mountaindale property in 1989) in which Portanova requests that Gionta call a lawyer to obtain a written legal opinion on noncompliance of the builder's work with building codes. In this letter, Portanova inquires of Gionta whether "we can force the builder to remedy the situation, examples consisting of no fire walls in the attics and improper fire walls between the units."
In response to Lecko and Norton's contention, the plaintiff relies on the deposition of Portanova and claims that Portanova did not write the memorandum to Gionta out of his actual knowledge of building code violations, but rather because he was told by an acquaintance that separation walls had to be made out of concrete. The plaintiff emphasizes that in 1989 Portanova had no special training in architecture nor a working knowledge of the building code.
"Since our decision in Espositio, we have not determined it to be improper for a trial court to consider deposition testimony in ruling on a motion for summary judgment." (Citations omitted.)Schratwieser v. Hartford Casualty Ins. Co., 44 Conn. App. 754, 756
n. 1, 672 A.2d 1283 (1997). During his deposition testimony, Daniel Portanova states that 1989 was when he first questioned whether there were fire walls in the attics or proper fire walls. Deposition of Daniel Portanova, Page 19, Line 18. Portanova also states that "my concern in `89 was a concrete wall that I was told was the code between two adjoining units which I knew there wasn't and that was where I was going with that letter . . . " Id. Page 20, Line 1. Furthermore, when asked if he became aware in 1989 that there might be a problem with the fire walls in the attic, Mr. Portanova responded "[y]es, I would say yes, I believe there was." Id. Line 11. Finally, when asked if he wrote the memorandum to Gionta in his capacity as president of the Mountaindale Board, Portanova answered "I would say so". CT Page 6029
The plaintiff in this case has not submitted contradictory affidavits that establish a genuine issue of material fact as to when Mountaindale knew of the underlying facts to its cause of action. The affidavit of Portanova states that he did not know of building code violations until 1994, not that he did not become aware of a problem with the fire walls until 1994. This court finds that Portanova wrote the memorandum in question in his capacity as President of the Mountaindale Board of Directors. As such, in 1989, the means of knowledge existed and the circumstances were such as to put a plaintiff of ordinary prudence on inquiry. There was knowledge of what could have been readily ascertained by such inquiry and the plaintiff learned of information that would lead to the discovery of a cause of action through due diligence. Accordingly, under such circumstances, the plaintiff cannot successfully establish fraudulent concealment of a cause of action.
The plaintiff in this case also contends that Lecko and Norton engaged in a continuing course of conduct which tolls the statute of limitations. Specifically, the plaintiff relies on provisions of the building code to assert that these defendants had a continuing duty to order abatement of a dangerous condition. This court does not have to determine whether the building code imposes a continuing duty upon the building inspector or fire marshal because the previous analysis determined that the plaintiff knew of the problem in 1989. As such, the continuing course of conduct doctrine does not apply at anytime after the plaintiff discovers the harm. Beckenstein v.Potter Carrier, Inc., 191 Conn. 150, 162, 464 A.2d 18 (1983). To hold otherwise would contravene the policy of the continuing course of conduct doctrine that "during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied. For example, the doctrine is generally applicable under circumstances where it may be impossible to pinpoint the exact date of a particular negligent act or omission . . ." Sanborn v.Greenwald, 39 Conn. App. 289, 295, 664 A.2d 803 (1995). Accordingly, summary judgment is entered in favor of the defendants Lecko and Norton on count twenty-two of the plaintiff's complaint.
Count twenty-three of the plaintiff's complaint sounds in nuisance as against the defendants Lecko and Norton. According to the plaintiff's complaint, the alleged nuisance emanated from the issuance of certificates of occupancy for the Mountaindale CT Page 6030 Condominiums. The plaintiffs contend that a genuine issue of material fact exists as to whether or not the issuance of certificates of occupancy constitute positive acts for the purpose of proving nuisance. Because of the facts presented by this case, this court does not have to reach this issue.
The issuance of such certificates of occupancy occurred in 1986 and 1987. Nuisance is an action founded upon a tort. As such, General Statutes § 52-577 provides that no action founded upon a tort shall be brought but within three years from the date of the act or omission complained of. Thus, on its face, the plaintiff's nuisance claim against Lecko and Norton is time-barred. Furthermore, this court's prior discussion of count twenty-two applies in that the plaintiff has not adequately demonstrated fraudulent concealment of a cause of action for nuisance. Moreover, this court has found that the uncontradicted evidence in this case shows that the plaintiff knew of the fire wall separation problem in 1989. Thus, even if the plaintiff could prove the requisite elements for nuisance, such a claim is barred by the statute of limitations. Accordingly, summary judgment is entered in favor of the defendants Lecko and Norton on count twenty-three of the plaintiff's complaint.
 II
The defendant Joseph Zappone has moved for summary judgment on counts one through twenty-one of the plaintiff's complaint. The basis of the motion is that such counts are barred by their applicable statutes of limitations. As with the counts alleged against the defendants Lecko and Norton, the plaintiff claims that the defendant Joseph Zappone fraudulently concealed such causes of action and that Zappone engaged in a continuing course of conduct so as to toll the statute of limitations.
This court's prior analysis found that the plaintiff knew in 1989 of the problems which form the factual basis for counts one through twenty-one. The plaintiff's cause of action was filed in 1995. Counts one through sixteen and counts eighteen through twenty-one respectively sound in: negligence per se, negligence, breach of express warranty, breach of implied warranty, breach of implied warranty, fraud, intentional or reckless conduct, negligent misrepresentation, § 47-253, § 47-274, §47-275, § 47-263, § 47-220 (b), §§ 47-280 and 281, § 47-281, § 47-211, unjust enrichment, breach of implied duty of good faith, breach of fiduciary duty, and CUTPA. Each of CT Page 6031 these counts is thus barred by their applicable statute of limitations. Accordingly, summary judgment is entered in favor of the defendant Zappone on each of these counts.
Count seventeen sounds in breach of contract based on the public offering statement and the purchase and sales agreements for the Mountaindale units. As such, General Statutes § 52-576
provides the applicable six year statute of limitations. This court has found that the plaintiff's cause of action accrued just prior to August 2, 1989 when Daniel Portanova wrote his letter to Andy Gionta. The plaintiff's complaint was filed with this court in January of 1995. Accordingly, count seventeen is not barred by the applicable statute of limitations. The defendant Zappone's motion for summary judgment is denied as to count seventeen.
 III
The Town of Thomaston has filed a motion for summary judgment on counts twenty-four and twenty five of the plaintiff's complaint. The basis for the Town's motion is that the plaintiff's claims are barred by the applicable statutes of limitations. Again, the plaintiff claims that the Town engaged in fraudulent concealment of the cause of action and a continuing course of conduct so as to toll the statute of limitations.
Count twenty-four of the plaintiff's complaint is brought pursuant to § 52-557n(b) for the reckless and wanton disregard of health or safety. Such cause of action necessarily is founded upon a tort and General Statutes § 52-577 provides a maximum period of three years in which to commence such action. Again, the plaintiff's cause of action accrued just prior to August 2, 1989 and the plaintiff's complaint was brought in January of 1995. Therefore, the cause of action alleged in count twenty-four of the plaintiff's complaint is barred by the statute of limitations. Accordingly, summary judgment is entered in favor of the defendant Town of Thomaston on count twenty-four of the plaintiff's complaint.
Count twenty-five of the plaintiff's complaint alleges the creation of a nuisance by the defendant Town of Thomaston. Nuisance is a cause of action necessarily founded upon a tort. As such, § 52-577 provides the maximum period of three years in which to bring a claim sounding in nuisance. Because the plaintiff's cause of action accrued just prior to August 2, 1989 and the plaintiff's complaint was not brought until January of CT Page 6032 1995, such claim is barred by the statute of limitations. Thus, summary judgment is entered in favor of the defendant Town of Thomaston on count twenty-five of the plaintiff's complaint.
 IV
In summary, because the uncontradicted evidence in this case shows that the plaintiff's cause of action accrued just prior to August 2, 1989, the doctrines of fraudulent concealment and continuing course of conduct do not act to toll the applicable statutes of limitations. Accordingly, Carmella Lecko and Robert Norton's motion for summary judgment is granted. As well, the Town of Thomaston's motion for summary judgment is granted. The defendant Joseph Zappone's motion for summary judgment is granted as to counts one through sixteen and counts eighteen through twenty-one of the plaintiff's complaint. The defendant Zappone's motion for summary judgment is denied as to count seventeen.
BY THE COURT
HON. WALTER M. PICKETT, JR. JUDGE TRIAL REFEREE