[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Jeffry Spahr, has filed a twenty-seven count complaint against the defendants, Charles Wellner and William B. Barnes. A revised complaint and several amended complaints have been subsequently filed, culminating in a total of thirty-one counts. This action arises out of the defendant, Charles Wellner's, alleged illegal conduct in tape recording a telephone conversation which occurred between the plaintiff and the defendant.
The plaintiff filed a motion for summary judgment as to counts twenty-five, twenty-six, twenty-nine, and thirty. This CT Page 9287 motion is directed solely against the defendant Charles Wellner ("the defendant"). The plaintiff alleges a common law invasion of privacy claim in the twenty-fifth count. In the twenty-sixth count, the plaintiff alleges that the defendant is liable under General Statutes § 52-570d and § 53a-187 for illegally tape recording their telephone conversation. The twenty-ninth count asserts a General Statutes § 52-595 claim for fraudulent concealment coupled with a claim for common law invasion of privacy. The thirtieth count alleges an illegal taping claim under General Statutes § 52-570d coupled with a claim for fraudulent concealment under General Statutes §52-595.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, d229 Conn. 213, 217, 640 A.2d 89 (1994). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates. Inc., 33 Conn. App. 563, 567,636 A.2d 1377 (1994). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 201, 663 A.2d 1001 (1995). The plaintiff argues that summary judgment should be granted as to count twenty-five alleging a common law invasion of privacy claim and count twenty-six alleging an illegal taping claim. By way of special defense filed January 5, 1998, the defendant asserts that the common law invasion of privacy claim as alleged in the twenty-fifth count is barred by General Statutes § 52-577, the applicable statute of limitations. The defendant also filed a special defense to the twenty-sixth count asserting that this claim is barred by the applicable statutes of limitations under General Statutes § 52-577 and § 52-585.
In his supplemental memorandum in support, the plaintiff CT Page 9288 argues that the defendant fraudulently concealed the act of his illegal taping in order to "hide behind of skirt of a statute of limitations." Here, the plaintiff seems to concede that the statute of limitations has run on the claims set forth in counts twenty-five and twenty-six. Nevertheless, the plaintiff argues that the statute of limitations on this claim should be tolled pursuant to General Statutes § 52-595. Although the plaintiff seems to be asserting a fraudulent concealment claim against the defendant with respect to counts twenty-five and twenty-six, he fails to affirmatively plead it. In order to raise a fraudulent concealment claim pursuant to General Statutes § 52-595, the plaintiff must affirmatively plead it. Beckenstein v. Potter Carrier. Inc., 191 Conn. 150, 163, 464 A.2d 18 (1983). A general denial of the defense and a reply is insufficient to raise such a claim. Id.
Because the plaintiff has not affirmatively plead fraudulent concealment, the court must determine whether a genuine issue of material fact exists as to whether the statute of limitations has run, without considering whether the statute of limitations should be tolled. According to the defendant, the alleged illegal taping occurred in May, 1993. The plaintiff, however, does not provide a date for which the alleged illegal taping took place. Thus, a genuine issue of material fact exists as to whether the statute of limitations has run and the plaintiff's motion for summary judgment with respect to counts twenty-five and twenty-six is denied.
In his supplemental memorandum in support dated January 7, 1998, the plaintiff requests that the court grant judgment, as a matter of law, pursuant to the plaintiff's claims as set forth in the twenty-ninth and thirtieth counts of his amended complaint filed on January 9, 1998. The plaintiff asserts a claim for fraudulent concealment and invasion of privacy in the twenty-ninth count. The thirtieth count alleges an illegal taping claim coupled with a claim for fraudulent concealment.
The fraudulent concealment provision under General Statutes § 52-595 provides, "[i]f any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." According to this statute, if the court finds that the defendant is liable for fraudulently concealing the cause of CT Page 9289 action, the statute of limitations will be tolled.
In these counts, the plaintiff argues that the defendant purposely hid from the plaintiff the fact that he secretly taped the phone conversation in order to "hide behind a skirt of a statute of limitations." (Plaintiff's Supplemental Memorandum in Support, January 7, 1998.) In his supplemental memorandum in opposition, the defendant counters by arguing that there is no evidence in the record to support the plaintiff's fraudulent concealment claim.
"[T]o prove fraudulent concealment, the plaintiff [is] required to show: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the [plaintiff's] cause of action; (2) that defendant's intentional concealment of these facts from the plaintiff; and (3) that defendant's concealment of the facts for the purpose of obtaining delay on the [plaintiff's] part in filing a complaint on their cause of action." Bartone v. Robert L. Day Co., 232 Conn. 527,533 656 A.2d 221 (1995). "To meet this burden, it [is] not sufficient for the plaintiff to prove merely that it [is] more likely than not that the defendant had concealed the cause of action. Instead, the plaintiff [has] to prove fraudulent concealment by the more exacting standard of clear, precise, and unequivocal evidence." Id., 533.
"While . . . [the court continues] to adhere to the general principle that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions; . . . it remains, nevertheless, incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citations omitted; internal quotation marks omitted.) Connell v. Colwell,214 Conn. 242, 250-51, 571 A.2d 116 (1990). "The actions of the defendant must be directed to the very point of obtaining the delay of which he afterward seeks to take advantage by pleading the statute." (Internal quotation marks omitted.) Id., 251.
Here, the attached deposition testimony of Charles Wellner and the affidavit from the plaintiff at most, only prove that the defendant taped the alleged telephone conversation. The record, however, does not contain any evidence that the defendant concealed information for the purpose of obtaining delay on the CT Page 9290 plaintiff's part in filing his law suit. Because intent to conceal is an essential element of fraudulent concealment, the plaintiff has not sustained his burden of proof. A genuine issue of material fact exists and summary judgment cannot be granted as to counts twenty-nine and thirty.
D'ANDREA, J.