[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: OBJECTION TO MOTION FOR JOINDER
This is a personal injury claim filed on January 30, 1998, by Rebecca Bradshaw against Max Richter and his employer, Carpin Manufacturing Company, Inc. (Carpin), for injuries she sustained CT Page 11392 on March 1, 1996, when she was struck by a company vehicle driven by Richter. On March 9, 1998 the two defendants filed an apportionment complaint under General Statute § 52-572h against Chester Hoff, claiming that he pushed the plaintiff in front of the vehicle and therefore contributed to her injuries. The return date for the apportionment complaint was March 31, 1998. The plaintiff did not elect to file directly against the apportionment defendant Hoff within sixty days after the filing of the apportionment complaint as provided under 52-572h. On January 21, 1999, more than two years after the accident, the plaintiff filed a motion for joinder alleging that the apportionment defendant, Hoff, is a "necessary [party] for a complete determination or settlement of questions involved herein." Motion for Joinder, dated January 19, 1999. The defendants Richter and Carpin object to the motion and argue that the two year statute of limitations for negligence actions expired and that, under General Statutes § 52-102b(d); the time for the plaintiff to file a claim, against the apportionment defendant expired 60 days after the March 31, 1998 return date of the apportionment complaint. The plaintiff alleges that under General Statutes 52-595, the fraudulent concealment statute, the statute of limitation is tolled until the plaintiff discovered the existence of a potential cause of action.
Practice Book § 9-6 provides in pertinent part: "[A]ny person may be made a defendant who has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, orwhom it is necessary, for a complete determination or settlementof any question involved therein, to make a party." (Emphasis added.) "The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." Lettieri v. American SavingsBank, 182 Conn. 1, 13, 437 A.2d 822 (1980)
Our Supreme Court has held that in order to make a fraudulent concealment claim the plaintiff must prove that the defendant was "aware of the facts necessary to establish this cause of action . . . and that it had intentionally concealed those facts from the plaintiff. . . . The [defendant's] actions must have been directed to the very point of obtaining the delay [in filing the action] of which Lit] afterward Lseeks] to take advantage by pleading the statute. . . . To meet this burden, it is not sufficient for the [plaintiff] to prove merely that it was more likely than not that the [defendant] had concealed the cause of action. Instead, the [plaintiff] had to prove fraudulent CT Page 11393 concealment by the more exacting standard of clear, precise and unequivocal evidence. . . ." (Citations omitted; internal quotation marks omitted.) Krondes v. Norwalk Savinas Society,53 Conn. App. 102, 114, ___ A.2d ___ (1999); see also Bartone v.Robert L. Day Co., 232 Conn. 527, 533, 656 A.2d 221 (1995).
In order to prove fraudulent concealment a plaintiff must establish three things: (1) that the defendant was actually aware of the facts necessary to establish the plaintiff's cause of action; (2) that the defendant intentionally concealed those facts from the plaintiff; and (3) that the defendant concealed the facts in order to delay the plaintiff from filing a complaint. Bartone v. Robert L. Day Co., supra, 232 Conn. 533.
The plaintiff is unable to sustain a claim of fraudulent concealment at this time given the fact that the party sought to be impleaded is already a party to this action, nor can she establish the criteria necessary to establish a claim of fraudulent concealment. If the defendant Hoff did conceal facts from the plaintiff those facts were brought to the plaintiff attention with the filing of the apportionment complaint. The plaintiff had her opportunity to file a direct claim against the defendant Hoff within 60 days of the filing of the apportionment complaint. 52-102b(d). The plaintiff should not now be entitled to join Hoff as a necessary party on th.e grounds of fraudulent concealment. There is no validity to this claim. The objection to the plaintiff's Motion for Joinder is sustained.
PELLEGRINO, (J)