[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON LEVY DRONEY AND VITALE'S MOTION FOR SUMMARY JUDGMENT #2
Defendants Levy Droney, P.C. and Joseph Vitale claimed for oral argument thirteen motions for summary judgment, each raising various discrete grounds and issues with regard to various counts in the plaintiffs' 331-page, 157 count Amended Revised Complaint. The movants filed their reply brief on August 20, 1999, and oral argument was heard on September 7, 1999. The parties long ago selected October 4, 1999, as the date for the commencement of an initial trial of the claims of seven plaintiffs designated by the plaintiffs as "vanguard" plaintiffs: Ruth Dudrow, Robert Bachrach, Sylvia Rosh, Tatiano Pollock, Marian Morley, Eugene Cederbaum, and Dora Masoff. The court adopts the other descriptions of the claims and procedural setting that preface the rulings in Motion for Summary Judgment #1, as well as the statement of the legal standard for granting summary judgment. CT Page 12892
This court decided a motion for summary judgment filed on behalf of defendant Ernst Young in which many of the same issues were raised. Rather than repeat analyses set forth in that ruling, which is dated September 14, 1999, the court will refer to this prior ruling where appropriate.
In Motion for Summary Judgment #2 the movants seek judgment as to each of these plaintiffs' claims of aiding and abetting alleged violations of duties by East Hill Woods. The aiding and abetting claims challenged in this motion survived Motion for Summary Judgment #1 which was addressed to the substance of the claims of aiding and abetting violations of the Continuing Care Act by East Hill Woods. In the instant motion the movants claim that the following claims of aiding and abetting violations of the Continuing Care Act by East Hill Woods are time-barred by the expiration of the limitations periods set forth in Conn. Gen. Stat. §§ 52-577 and 52-584:
Robert Bachrach Counts 15 and 16
Sylvia Rosh Count 17
Ruth Dudrow Count 17
Tatiana Pollock Counts 17 and 18
Marion Morley Counts 19 and 20
Eugene Cederbaum Counts 21 and 22 (Executor)
Dora Massoff Counts 23 and 24.
Each of these plaintiffs initiated his or her claim against the movants on January 12, 1998. Each plaintiff claims that he or she (or the estate he represents) entered into a continuing care contract with East Hill Woods without receiving a disclosure statement that complied with the requirements of the Continuing Care Act. The seven plaintiffs allege in their complaint that they signed their continuing care contracts, committing their entrance fees, on the following dates
Robert Bachrach September 17, 1990 CT Page 12893
Sylvia Rosh May 21, 1991
Ruth Dudrow June 14, 1991
Tatiana Pollock February 25, 1992
Marion Morley June 17, 1993
Zelda Cedarbaum December 3, 1993
Dora Massoff March 21, 1995
All of the contract dates, except Ms. Massoff's, are more than three years prior to the institution of suit. Ms. Massoff alleges that she executed her residence agreement in reliance on East Hill Woods' disclosure statement that was submitted to the Department of Social Services in October 1994. Her allegation is therefore that the movants, as aiders and abettors, completed the allegedly faulty disclosure before October 1994, more than three years before she initiated suit.
The statutes relied upon by the movants require an injured party to bring suit within three years of the act or omission that is the basis for the claim. Unless a tolling doctrine applies, the claims of all seven plaintiffs in the counts challenged in this motion are time-barred.
This court adopts its reasoning in the Ernst Young ruling rejecting the plaintiffs' claim that the six-year statute of limitations provided for statutory violations of the Continuing Care Act applies.
Applicability of Tolling Doctrines
The court adopts its reasoning in its ruling on Levy 
Droney's Motion for Summary Judgment #1 with regard to the argument that a special relationship existed between the plaintiffs and the lawyers for East Hill Woods that tolled the statute of limitation because the defendant had a continuing duty to the plaintiff. The principle that a lawyer owes undivided loyalty to his client defeats the plaintiffs' claim that the movants, in their capacities as legal counsel to East Hill Woods, had any duty at all, and hence no continuing duty, to provide information about their client or its financial condition to the plaintiffs. The court has analyzed in Motion for Summary Judgment CT Page 12894 #1 the claim that East Hill Woods' counsel were fiduciaries for the plaintiffs and has rejected it.
The tolling doctrine of fraudulent concealment is also not applicable. The plaintiffs bear the burden of proof on their plea in avoidance to the defense of expiration of the statute of limitation. They have not adduced facts from which the trier of fact could find fraudulent concealment because the lawyers had a duty to keep their client's information confidential, and that duty cannot be found to be suspended for the benefit of the plaintiffs. The acts that the plaintiffs characterize as acts of concealment consist of not affirmatively informing the plaintiffs of alleged deficiencies in the disclosure statements.
To support tolling for fraudulent concealment of facts necessary to establish a plaintiff's cause of action, the plaintiff must show, inter alia, that the purpose of the concealment was to obtain delay on the plaintiff's part in filing a complaint on that cause of action. Bartone v. Robert L. DayCo., 232 Conn. 527, 533 (1995). In view of the duty of the defendants as lawyers not to disclose confidential information or to act against the interests of their client, their failure to violate a professional duty cannot be the basis of a finding of fraudulent concealment.
Claims against defendant Vitale as officer and as trustee
Defendant Vitale has not briefed the plaintiffs' claims as they apply to his role as an officer and trustee of East Hill Woods. This motion is denied as to him in those capacities, since the movant bears the burden of showing what the facts are and that they entitle him to summary judgment.
Conclusion
The motion is denied as to the seven plaintiffs' claims at Counts 15-24 against Joseph A. Vitale as an officer and as a trustee of East Hill Woods. It is granted as to the claims against him and against Levy Droney, P.C. as legal counsel to East Hill Woods, and judgment shall enter in their favor as to the claims made against them in that capacity in Counts 15-24.
Beverly J. Hodgson Judge of the Superior Court CT Page 12895