[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The four count complaint alleges that the defendant, Suffield Academy, failed to supervise, investigate, and inform the plaintiff parents about a party that took place in December, 1993, in which the plaintiffs' son, who was a student at the school, allegedly committed a sexual assault on a female student. The plaintiffs seek damages for financial and emotional harm from the defendant's alleged failure to act. The defendants move for summary judgment on the ground of the statute of limitations. For the reasons discussed below, the court grants the motion in part and denies the motion in part.
DISCUSSION
CT Page 9631
Counts one and three, depending on their interpretation, allege either negligence or a general tort. In either case, the plaintiff would have at most three years from the time of the "act or omission complained of' to file suit. General Statutes §§ 52-577 and 52-584. The acts or omissions complained of in these counts are the failure to supervise a party that occurred in December, 1993, failure to conduct a "timely" investigation, and the failure to take "immediate" action and inform the plaintiffs of any serious incident occurring "while the plaintiffs' minor son was in defendant's care and custody, and under defendant's control." The depositions establish that the plaintiffs' minor son graduated in 1995, at which point defendant's care, custody, and control would have ended. Therefore, the acts or omissions complained of in counts one and three took place, at the very latest, in 1995. The statute of limitations thus ran in 1998. Because the plaintiffs filed suit in February, 2000, counts one and three are presumptively time-barred.
Contrary to the plaintiffs' arguments, these counts cannot be saved by the doctrine of fraudulent concealment. The plaintiff pleads only conclusions, and advances no facts or evidence, to make the required showing of the "defendant's intentional concealment of the facts from the plaintiffs" and the "defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action." Bartone v. Robert L. Day Co., 232 Conn. 527,533, 656 A.2d 221 (1995).
Although the plaintiffs claimed at oral argument on July 2, 2001 that they did not have enough time to discover such facts, the plaintiffs failed to comply with Practice Book § 17-47, which requires the party opposing a summary judgment motion on this ground to supply an affidavit setting forth the reasons why the party cannot present facts to justify an opposition. The court, in any event, does not believe that any such reasons exist. The defendant filed for summary judgment in January, 2001. The plaintiffs thus had almost six months to discover facts with which to oppose the motion. Indeed, the plaintiffs allege fraudulent concealment as a separate cause of action in count four of the complaint. Even if the plaintiffs did not have a factual basis for this count in February, 2000 when they filed the complaint, which would raise a separate concern, they had well over a year to discover it. Because the plaintiffs have failed to establish fraudulent concealment as a defense to the statute of limitations despite having ample time to do so, the court grants summary judgment on counts one and three.
Count two alleges that the defendant breached a contract by failing to supervise the plaintiffs' minor son and report his activities to the plaintiffs during "all times in which [the minor son] was a student in defendant's care and custody, and under defendant's control." As CT Page 9632 discussed, this period would have ended and any breach of contract would have occurred by 1995 at the latest. Because the defendants, in their reply brief, clarify that at this time they rely only on the six year statute of limitations for written contracts found in General Statutes § 52-576, it is obvious that at least some of the plaintiffs' claims in count two were filed within the limitations period ending sometime in 2001. Accordingly, the court denies the summary judgment motion on count two.
Count four alleges a separate cause of action for fraudulent concealment. The three year statute of limitations for general torts applies, General Statutes § 52-577, meaning that acts or omissions occurring after February, 1997 would be timely. Unlike the first three counts, count four contains no temporal allegations. Although a plaintiff should not benefit from vague pleading, the court simply cannot discern when the acts or omissions complained of in count four occurred. Because the court cannot say that the defendant is entitled to judgment on count four, the motion for summary judgment is denied on this count.
CONCLUSION
The court grants the motion for summary judgment on counts one and three and denies the motion for summary judgment on counts two and four.
So ordered.
 Carl J. Schuman Judge, Superior Court