[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT BECKMAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT #151
 I PROCEDURAL HISTORY
The plaintiffs, Roger and Raymond Michaud, as co-executors of the estate of their mother, Muriel Michaud, the decedent, commenced this action against the defendants, Hospital of St. Raphael and Dr. Charles Beckman, on June 18, 1999. In their third amended complaint dated September 14, 2000, the plaintiff's allege that the decedent employed Beckman for the purpose of treating her for coronary artery disease and to perform a coronary artery triple bypass. Beckman hospitalized the decedent at the Hospital of St. Raphael from January 23, 1998, through January 31, 1998, and performed the bypass surgery. The plaintiffs, in a four count complaint, allege that the defendants were negligent in releasing the decedent from the hospital to her family's care instead of discharging her to a skilled nursing facility. Further, the plaintiff's CT Page 6571 allege that the defendants were negligent in performing an unnecessary surgical procedure on the decedent which caused her death on February 6, 1998. The plaintiffs have brought their claim pursuant to the wrongful death statute, General Statutes § 52-555.[1]
On July 24, 2001, Beckman filed an answer and special defense to the plaintiffs' third amended complaint. Beckman alleges in his special defense that the plaintiffs failed to institute this cause of action within the time period prescribed by § 52-555. The plaintiffs filed a reply on August 31, 2001, generally denying the allegations of Beckman's special defense. Subsequently, on December 28, 2001, Beckman filed a motion for partial summary judgment as to count two of the third amended complaint. Beckman brings this motion on the ground that the plaintiff's have failed to assert a cause of action within the applicable statute of limitations. In support of its motion, Beckman submitted a memorandum of law in support of his motion, a memorandum of decision by the court,Booth, J., on Beckman's previous motion to strike on the same ground as this motion;[2] (Beckman's Memorandum, Exhibit A); and case law; (Beckman's Memorandum, Exhibit B).
On January 18, 2002, the plaintiff's filed a memorandum in opposition to the motion. In support of their opposition, the plaintiff's submitted an unsworn statement entitled "Affidavit of Dr. David Bregman" dated January 17, 2002; (Plaintiffs' Memorandum, Exhibit 1); uncertified deposition testimony of Beckman; (Plaintiffs' Memorandum, Exhibit 2); Hospital of St. Raphael's notice of discovery compliance dated September 11, 2000, and responses to the plaintiffs' interrogatories and requests for production; (Plaintiffs' Memorandum, Exhibit 3); and the Hospital of St. Raphael's notice of supplemental discovery compliance dated February 20, 2001; (Plaintiffs' Memorandum, Exhibit 4).
 II DISCUSSION
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitled him to a judgment as a matter of law . ., and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material CT Page 6572 fact." (Internal quotation marks omitted.) H.O.R.S.E. of Connecticut,Inc. v. Washington, 258 Conn. 553, 559, 783 A.2d 993 (2001). General Statutes § 52-555 (a), which contains the statute of limitations in a wrongful death action, provides in relevant part: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries . ., provided no action shall be brought to recover such damages . . . but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of." The plaintiffs' decedent died on February 6, 1998. This action was originally commenced on June 18, 1999. The allegations of negligence in performing a medically unnecessary, inappropriate and unsafe surgical procedure were first asserted in the plaintiffs' amended complaint dated March 21, 2000 and filed on March 24, 2000. Thus, in excess of two years from the date of death.
The plaintiff's argue that the new allegations relate back to the original complaint. Specifically, the plaintiff's contend that the allegations against Beckman of negligence in the care and treatment of the deceased gave him sufficient notice of the new claims regarding the surgery asserted in the amended complaint filed on March 24, 2000.
"The relation back doctrine has been well established by [the Supreme Court]. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . ." (Internal quotation marks omitted.) Alswanger v.Smego, 257 Conn. 58, 64-65, 776 A.2d 444 (2001). "The fact that the same defendant is accused of negligence in each complaint and the same injury resulted . . . does not make any and all bases of liability relate back to an original claim of negligence." Sharp v. Mitchell, 209 Conn. 59,73, 546 A.2d 846 (1988).
The Supreme Court in Alswanger v. Smego, supra, 257 Conn. 67, held that an amendment that forces the defendants to gather different facts, evidence and witnesses to defend the amended claim does not relate back to the original complaint. The plaintiffs in Alswanger originally alleged negligence in the medical procedure, failure to disclose risks involved in connection with care and treatment and general negligence. Id., 62. CT Page 6573 Subsequently, the plaintiff's amended their complaint to include lack of informed consent as to a resident's participation in the surgery. Id., 63. The Supreme Court stated that although the amended complaint alleged negligence, it "had its basis in a different set of facts from the original complaint." Id., 68. The court concluded that the defendants had no reason to be on notice of the new allegations raised by the plaintiff's in their amended complaint. Id., 68. Thus, the court disallowed the relation back of the amended complaint. Id., 67.
In the present case, as in Alswanger, this court must deal with an amended complaint, filed after the statute of limitations has expired, alleging an act of negligence based on a different set of facts from that alleged in the original complaint. The original complaint dealt with allegations of negligence in the post-operative care of the decedent, in particular, her improper discharge from the hospital. The new allegations relate to the necessity of the surgery itself, which requires evidence that "would have been irrelevant under the original complaint. . . ." Id., 67. The court finds that Beckman had no reason to be on notice that the necessity of the surgical procedure would be an issue raised by the plaintiffs. Thus, the allegations of negligence in performing medically unnecessary, inappropriate and unsafe surgery do not relate back to the original complaint and are barred by the statute of limitations.
The plaintiff's assert, however, that the statute of limitations is tolled because the defendants fraudulently attempted to conceal information which formed the basis of the new allegations. Specifically, the plaintiff's contend that the cine film that they requested through discovery was not submitted to them by the defendants until February of 2001. Thus, the plaintiffs aver that General Statutes § 52-595[3]
tolled the statute of limitations found in § 52-555 and, therefore, the statute did not begin to run until February of 2001. In support of their contentions, the plaintiff's have submitted an unsworn statement of their expert, Dr. Bregman and uncertified deposition testimony of Beckman.
General Statutes § 52-595 provides for the tolling of applicable statutes of limitations where the defendant has fraudulently concealed from the plaintiff the existence of a cause of action, in favor of the plaintiff, against the defendant. In actions involving allegations of fraudulent concealment, "[t]he question before [the court] is whether the plaintiff's have adduced any credible evidence that . . . the defendants fraudulently concealed the existence of the plaintiffs' cause of action. To meet this burden, it [is] not sufficient for the plaintiff's to prove merely that it [is] more likely than not that the defendants . ., concealed the cause of action. Instead, the plaintiff's [must] prove fraudulent concealment by the more exacting standard of clear, precise, CT Page 6574 and unequivocal evidence. . . . Under our case law, to prove fraudulent concealment, the plaintiffs [are] required to show: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) [the] defendant's intentional concealment of these facts from the plaintiffs; and (3) [the] defendant's concealment of the facts for the purpose of obtaining delay on the [plaintiffs'] part in filing a complaint on their cause of action. . . ." (Citations omitted; internal quotation marks omitted.)Bartone v. Robert L. Day Co., 232 Conn. 527, 532-33, 656 A.2d 221
(1995); see also Connell v. Colwell, 214 Conn. 242, 250-51, 571 A.2d 116
(1990).
As a preliminary matter, the court must address the unsworn statement and uncertified deposition submitted by the plaintiffs. "The Appellate Court . . . has not conclusively established whether courts may . . . consider deposition testimony in deciding motions for summary judgment." (Internal quotation marks omitted.) Stevens v. Katz, Superior Court, judicial district of Danbury, Docket No. 336318 (December 10, 2001,Holden, J.); see Schratwieser v. Hartford Casualty Ins. Co.,44 Conn. App. 754, 756 n. 1, 692 A.2d 1238, cert. denied, 241 Conn. 915,696 A.2d 340 (1997) (allowing the trial record to stand "without ruling on the propriety of deposition testimony when submitted with a motion for summary judgment"); Collum v. Chapin, 40 Conn. App. 449, 450 n. 2,671 A.2d 1329 (1996) (upholding the trial court's consideration of deposition testimony on a motion for summary judgment).
"[T]he Superior Court has been split as to whether deposition testimony, either uncertified or certified may be considered for the purposes of a motion for summary judgment. . . ." (Internal quotation marks omitted.) Stevens v. Katz, supra, Superior Court, Docket No. 336318; see also Defosses v. Blauvelt, Superior Court, judicial district of New Britain at New Britain, Docket No. 500393 (November 2, 2001,Quinn, J.) (court considered deposition testimony in ruling on motion for summary judgment); Campagnale v. Burton, Superior Court, judicial district of Litchfield, Docket No. 80334 (May 30, 2001, DiPentima, J.) (not improper for trial court to consider deposition testimony in ruling on a motion for summary judgment); Hyman v. Garced, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153421 (November 9, 1998, D'Andrea, J.) (court did not examine uncertified deposition testimony in ruling on a motion for summary judgment). But seeRosenberg v. Meriden Housing Authority, Superior Court, judicial district of New Haven at New Haven, Docket No. 377376 (October 29, 1999, Licari,J.) (see footnote three: court considered uncertified deposition testimony where opposing party failed to object to it). "[T]he trend in the Superior Courts is to consider certified but not uncertified, deposition testimony when ruling on a motion for summary judgment." CT Page 6575 (Internal quotation marks omitted.) Stevens v. Katz, supra, Superior Court, Docket No. 336318. Courts following this trend reason that "the court cannot consider . ., uncertified deposition testimony for the purposes of [a] motion for summary judgment because the transcript is not independently admissible as evidence and it fails to comply with the requirements of the Practice Book." (Internal quotation marks omitted.)Ricketts v. Sheresky, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 175446 (July 26, 2001,D'Andrea, J.); see also Stevens v. Katz, supra, Superior Court, Docket No. 336318; Candido v. Dattco, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 386861 (March 13, 1998, Hartmere,J.). This court has followed the trend and previously refused to consider uncertified deposition testimony. Roy v. Ferraro, Superior Court, judicial district of New Britain, Docket No. 502798 (January 10, 2002,Wiese, J.).
The requirement of certification also applies to statements submitted in connection with summary judgment motions. The general rule stipulates that "[u]nsworn assertions of fact, summary conclusions of law and unsupported allegations in an affidavit do not entitle a party to summary judgment." Scinto v. Stamm, 224 Conn. 524, 533, 620 A.2d 99, cert. denied, 510 U.S. 861, 114 S.Ct. 176, 126 L.Ed.2d 136 (1993); see alsoFogarty v. Rashaw, 193 Conn. 442, 444, 476 A.2d 582 (1984) (unsworn statements do not qualify as affidavits for use on motion for summary judgment). Therefore, the court declines to consider the unsworn statement of Bregman and uncertified deposition testimony of Beckman.
The court can, however, consider the other documentary evidence submitted by the plaintiffs. The plaintiff's have submitted the Hospital of St. Raphael's notice of compliance and notice of supplemental compliance with the plaintiffs' discovery requests. The notice of compliance, dated September 11, 2000, indicates that all x-ray films were released to the decedent's husband, Arthur Michaud, who is also now deceased. (Plaintiffs' Memorandum, Exhibit 3, p. 10.) The supplemental notice of compliance, dated February 20, 2001, indicates that the Hospital of St. Raphael has in its control the angiogram film of the decedent. (Plaintiffs' Memorandum, Exhibit 4, p. 1.)
While the courts have consistently held "that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions . . . it remains, nevertheless, incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citations omitted; internal quotation marks omitted.) Connell v. Colwell, supra, 214 Conn. 251. CT Page 6576
It is noteworthy that the plaintiff's generally denied the allegations of Beckman's special defense of the statute of limitations and never pleaded a claim of fraudulent concealment in their reply filed on August 31, 2001, nor have they since requested leave to amend their reply to allege facts in support of a claim of fraudulent concealment. "In order to raise a claim of fraudulent concealment, the party challenging a statute of limitations defense must affirmatively plead it. . . . In the present case, the reply filed by the plaintiff's contained a general denial of the defense. This [is] insufficient." (Citations omitted.)Beckenstein v. Potter Carrier, Inc., 191 Conn. 150, 163, 464 A.2d 18
(1983); see also Mountaindale Condominium Assn., Inc. v. Zappone,59 Conn. App. 311, 319 n.h, 757 A.2d 608, cert. denied, 254 Conn. 947,762 A.2d 903 (2000).
In addition, the plaintiff has submitted copies of the Hospital of St. Raphael's notices of compliance not Beckman's. Even if the Hospital of St. Raphael misrepresented that it did not have within its possession the decedent's angiogram film in its notices of compliance, there was no evidence submitted to the court from which it could be inferred that Beckman misrepresented those facts, much less with the intent necessary to constitute fraudulent concealment. Connell v. Colwell, supra,214 Conn. 251. "Fraud is not to be presumed, but must be strictly proven. The evidence must be clear, precise, and unequivocal." (Internal quotation marks omitted.) Id., 252. The plaintiff's have not presented evidence indicating fraud on Beckman's part.
Finally, the plaintiff's assert that the continuing course of conduct doctrine tolls the running of the statute of limitations. A statute of limitations "may be tolled under the . . . continuing course of conduct doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date. . . . [T]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where [the Supreme Court has] upheld a finding that a duty continued to exist after cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363,369-70, 746 A.2d 753. (2000); see also Blanchette v. Barrett,229 Conn. 256, 275-76, 640 A.2d 74 (1994).
The plaintiff's have not presented any admissible evidence that would CT Page 6577 establish that the surgery performed on the decedent was medically unnecessary and, therefore, that Beckman committed an initial wrong upon the decedent, nor is there any evidence that he committed some later wrongful conduct related to the prior act. Accordingly, there is no genuine issue of material fact as to whether the doctrine of continuing course of conduct has tolled the statute of limitations in this case.
 III CONCLUSION
The court grants Beckman's motion for summary judgment because he has established that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law on the basis that count two is barred by the statute of limitations found in General Statutes §52-555.
BY THE COURT
PETER EMMETT WIESE, JUDGE